[No. 9747.   Department One. — November 30, 1887.]

## J. A. CARIT, RESPONDENT, *v.* WILLIAM WILLIAMS ET AL.   ANDREW CHARLES, APPELLANT.

74 182<br>138 610

INSOLVENCY — DISCHARGE — JUDGMENT BASED UPON FRAUD. — A judgment based upon the fraudulent acts of a party is not satisfied by his subsequent discharge in insolvency.

ID. — SATISFACTION OF JUDGMENT — EXAMINATION OF RECORD — LOSS OF COMPLAINT. — On a motion to restrain an execution, and to have a judgment marked satisfied, on the ground that since its rendition the judgment debtor had been discharged in insolvency, the court may examine the record in the action in which the judgment was rendered, for the purpose of determining whether it was based upon fraud; and where the complaint in the action cannot be found, but the answer shows that the only material denials upon the part of the judgment debtor were as to the commission by him of acts of fraud, it will be presumed that the judgment was founded upon allegations in the complaint to which the answer was responsive, and that therefore the judgment was based upon the fraud of the judgment debtor.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to stay an execution, or to have a judgment marked satisfied.

The facts are stated in the opinion.

*Cook & Cook*, for Appellant.

*D. H. Whittemore*, for Respondent.

FOOTE, C. — This is an appeal from an order denying the motion of the defendant, Andrew Charles, to set aside a certain *alias* execution, to stay the issuance of any future execution, and to have the judgment marked satisfied.

The grounds upon which the appellant based his contention that the motion should be granted were: that he had been discharged as an insolvent from any and all obligation either to pay or have satisfied in any manner out of his property the judgment upon which the *alias* execution issued.

It appears from the record in the original suit that the second amended complaint filed in the action was not to be found when the court below considered the appellant's motion, and that it was upon the issues made up by that pleading, and the answer filed thereto by the appellant, that the cause was submitted to a jury, who returned a general verdict for the plaintiff for a large sum of money.

The appellant contends that, even if in a matter of the kind in hand the court could look behind the judgment to the record in the action where it was rendered, to ascertain if the debt claimed to have been discharged by the certificate of the court presiding in the insolvency proceedings was created by the appellant's fraudulent acts, yet that as the *complaint* was not to be found, it was not permissible for the court to determine that the original debt was founded in the fraud and deceit practiced by the appellant.

In this we think he is mistaken. If the complaint is not to be found, but the answer to that complaint is, and it shows, as in this case, that the only material denials upon the part of the appellant are as to the commission by him of acts of fraud, it will be presumed that the judgment was founded upon allegations in the complaint to which the answer was responsive, and that therefore the debt must have arisen through the fraud

of the appellant. The latter should certainly be held to the statements of his answer, and as that is devoted to a denial of specific acts of fraud, and there is nothing else to show what the allegations of the complaint were, it will be presumed that there were none other than those to which the answer was responsive, unless admitted by the answer to be true.

But the appellant contends that the court below had no right to look at anything in the record of the action in which the judgment was recovered, except that judgment; that the original debt was merged in the judgment; that the latter had been obtained before the certificate of discharge was granted; and that the court, upon the hearing of his motion to stay the *alias* execution, etc., was bound to treat that judgment as covered by and included in the certificate. But such does not seem to have been the views in similar cases of learned judges other than the one who determined this contention against the appellant.

This court has, it seems to us, clearly intimated what the law is, as to such a matter, although the precise question here involved was not in issue, in *Imlay* v. *Carpentier*, 14 Cal. 177, saying, after citing numerous decisions of other courts: "The judgment is but the original debt in a new form. . . . . The opposing decisions are from Massachusetts and Maine, and proceed upon the technical doctrine, so pointedly repudiated in *Dresser* v. *Brooks*, that the original debt is merged and lost in the judgment, and that the judgment is a debt newly created and conclusive in its nature. . . . . The force of the reasoning and the weight of authority are against this view." And in that case (*Imlay* v. *Carpentier, supra*) this court appears to have agreed to the right of the trial court to go behind the judgment and look into the pleadings in the original action, with a view to grant a motion to set aside an execution.

In *Dresser* v. *Brooks*, 3 Barb. 448, it is said: "These

cases have arisen under our insolvent laws, and the courts have uniformly held that in an action upon a judgment to which a discharge under the insolvent law was pleaded, they would look behind the judgment to the debt on which it was founded, in order to determine whether that was of such a character, had its origin at such a time and place, and between such parties, as to be within the provisions of the act."

Section 33 of the last United States bankrupt act is very similar in its provisions to section 52 of the insolvent act of this state, as bearing upon the right of discharge from a debt created by fraud; and in the *Matter of Charles G. Patterson, a Bankrupt,* 2 Ben. 156, Judge Blatchford very clearly, and as we think conclusively, disposes of the point we are now considering. He says:—

"The only other question is, whether the debt is one excepted by section 33 of the act from the operation of a discharge. That section provides that 'no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act.' It is claimed by the bankrupt that the debt in this case being in the shape of a judgment, this court cannot, in applying section 33, go behind the judgment, to see whether the claim on which the judgment was recovered was created by fraud; that the judgment, which is now the only debt, was created by the claim, and not by the fraud; and that, although the judgment was created by the claim and the claim by the fraud, yet the judgment was not created by the fraud. This view is unsound. Wherever the debt, no matter whether it be in the shape of a judgment or in any other form, was created by fraud, had its root and origin in fraud, there it is not to be disregarded. To hold that the recovery of a judgment in an action where the *gravamen* of the complaint is fraud condones that very fraud, by so merging the original claim that the judgment cannot be said to be a debt

created by the fraud set out in the complaint as the ground for recovering the judgment, would fritter away entirely the good sense and plain intention of the thirty-third section. The case of *Bangs* v. *Watson*, 9 Gray, 211, cited to sustain this view, does not, in my judgment, support it, and I have been referred to no case which leads to any such conclusion."

It would therefore appear that the court below had a right to go behind the judgment and inspect the pleadings in the original action; that it was justified from an inspection of the defendant's answer, in concluding that the only claims made by the second amended complaint against the defendant which were not admitted by the answer were founded upon his alleged fraudulent acts, and that the jury in rendering its verdict did so upon the issues thus submitted to them; and that the original claim, created by fraud, was not so merged in the judgment as to make it a new debt, and subject to be discharged by the court granting the certificate of discharge in insolvency.

It follows that the order appealed from should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the order is affirmed.