[Sac. No. 1816.   Department One.—June 29, 1910.]

## GEORGE WOEHRLE, Respondent, v. CARLO CANCLINI, Appellant.

BANKRUPTCY—JUDGMENT FOR WILLFUL AND MALICIOUS INJURY NOT
AFFECTED BY DISCHARGE.—A judgment for damages for willful and
malicious injuries inflicted by the judgment debtor upon the judg-
ment creditor is a debt constituting a liability for such injuries,
within the meaning of subdivision 2 of section 17 of the Bankrupt
Act of 1898, as amended in 1903, and is not affected by the subse-
quent discharge of the judgment debtor in bankruptcy proceedings.

ID.—JUDGMENT IS LIABILITY IN NEW FORM.—A judgment is but the
original debt or liability in a new form.

ID.—LIABILITY DEFINED.—The term "liability" is one of broadest im-
port, generally including every kind of legal obligation, and was
undoubtedly used in the Bankrupt Act as including every obligation
to pay money whether evidenced by judgment or not.

ID.—AMENDMENT OF 1903 TO SECTION 17 OF BANKRUPT ACT.—The pur-
pose of the amendment of 1903 to subdivision 2 of section 17 of the
Bankrupt Act was not to remove the liabilities so evidenced by
judgments from the excepted classes, but to add thereto the liabilities
so accruing that had not been put into the form of judgments.

APPEAL from an order of the Superior Court of San Joa-
quin County refusing to recall and perpetually stay an exe-
cution, and dissolving a restraining order theretofore made.
C. W. Norton, Judge.

The facts are stated in the opinion of the court.

Webster & Webster, for Appellant.

C. W. Miller, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order deny-
ing defendant's motion to recall and perpetually stay an execu-
tion issued on the judgment in the above-entitled action, and
dissolving a restraining order theretofore made.

On October 28, 1908, plaintiff recovered a judgment against
defendant in the sum of eight hundred dollars and costs for
"willful and malicious injuries inflicted by the defendant upon
the plaintiff." On March 18, 1909, defendant was adjudicated

a bankrupt in proceedings instituted in the United States district court for the northern district of California, and thereafter, on June 12, 1909, an order was made by said court discharging defendant from all his debts. The judgment remaining unsatisfied, on November 9, 1909, the execution in question was issued and levy made thereunder. The question is whether the effect of the discharge-in bankruptcy was to release defendant from this judgment. Section 17 of the Bankrupt Act of 1898, as amended in 1903, [U. S. Comp. Stats. (Supp. 1909) p. 1310], enumerating debts not affected by a discharge given thereunder, provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as (1) are due as a tax . . .; (2) are *liabilities* for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, . . ." The sole question presented by appellant is whether a *judgment* for damages for willful and malicious injuries inflicted by the judgment debtor is a debt constituting a *liability* for such injuries within the meaning of that word as used in the second subdivision of section 17, quoted above. Clearly this question must be answered in the affirmative. A judgment is but the original debt or liability in a new form (see *Carit* v. *Williams,* 74 Cal. 183, 185, [15 Pac. 751].) In *Boynton* v. *Ball,* 121 U. S. 457, [7 Sup. Ct. 981], the question was presented whether a debt existing and provable in a bankruptcy proceeding is the same debt when evidenced by a judgment thereafter obtained thereon, and the court said: "Notwithstanding the change in the form from that of a simple contract debt, or unliquidated claim, or whatever its character may have been, by merger into a judgment of a court of record, it still remains the same debt on which the action was brought in the state court and the existence of which was provable in bankruptcy." (See, also, *Carit* v. *Williams,* 74 Cal. 183, 185, [15 Pac. 751].) Although the liability for a willful and malicious injury has been reduced to judgment, we have the same liability in a new form, judicially declared and defined. The term "liability" is one of the broadest import, generally including every kind of legal obligation, and was undoubtedly used in the Bankrupt Act as including every obligation to pay money whether evidenced by judgment or not. While all liabilities are not evidenced by judgment, every unsatisfied judg-

ment is necessarily a liability. That there may be a liability within the meaning of the act so evidenced by judgment is shown by the enumeration therein of the classes of debts which may be proved, one of which is "a fixed liability as evidenced by a judgment" (sec 63, subd. 1). It certainly would be a somewhat absurd situation if the person having a claim for such willful and malicious injuries who had procured a legal adjudication thereof occupied a worse position under the Bankrupt Act than one who had not procured such a judgment. The act is susceptible of no such construction.

Prior to the amendment of 1903, subdivision 2 of section 17 embraced only such provable debts as "are *judgments* in actions for frauds . ℘. or . . . for willful and malicious injuries to the property and person of another." Under this, such liabilities as were not evidenced by judgment were not excepted from the effect of a discharge, while those evidenced by judgment were excepted. The purpose of the amendment of 1903 was clearly not to remove the liabilities so evidenced from the excepted classes but to add thereto the liabilities so arising that had not been put into the form of judgments. The effect of the amendment is stated in 6 Collier on Bankruptcy, 223, substantially as follows: Before the amendment, a bankrupt might have been released from such a liability, unless a judgment therefor had been rendered. Under the present law he will not be released simply because no judgment has been rendered.

The order is affirmed.

Sloss, J., and Shaw, J., concurred.