## SWIG v. TREMONT TRUST CO.

(Circuit Court of Appeals, First Circuit. November 21, 1925.)

No. 1845.

1. **Appeal and error** ⬅878(4)—**Ruling adverse to appellee is not reviewable, in absence of exception thereto, cross-appeal, and assignment of error thereon.**

Ruling adverse to appellee is not reviewable, in absence of exception thereto, cross-appeal, and assignment of error thereon.

2. **Judgment** ⬅715(3)—**Judgment in action on note held not res judicata of question whether debt was based on fraud, as affecting right to discharge in bankruptcy.**

Where note given trust company was signed in blank by first signer, but filled in for an unauthorized amount by trust company's treasurer at direction of its vice president, who then signed note, together with others, who did not know of fraud, *held*, judgment of state court against vice president alone, in action of contract on note, was not res judicata of question whether judgment was based on fraud, which precluded subsequent litigation of question whether debt was one which would be barred by discharge in bankruptcy, under Bankruptcy Act, § 17 (Comp. St. § 9601).

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Suit by Simon Swig against the Tremont Trust Company. Decree for defendant, and plaintiff appeals. Decree vacated, and case remanded for further proceedings.

Asa P. French and George W. Abele, both of Boston, Mass., for appellant.

Raymond S. Wilkins, of Boston, Mass. (J. V. Spalding, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a bill in equity in which the plaintiff seeks to enjoin the Tremont Trust Company from executing a judgment, which it had obtained against him in the superior court of Massachusetts, until the question of his discharge is determined, on the ground that the action in which the trust company obtained the judgment was an action of contract upon a promissory note; that said judgment was founded upon a claim or debt to which a discharge in bankruptcy would be a bar; that said debt was not one within any of the exceptions in section 17 of the Bankruptcy Act (Comp. St. § 9601); and that the trust company threatened and intended to take out and enforce a writ of execution against him upon the judgment.

In its answer the defendant admitted that the plaintiff had filed an application for his discharge (since obtained); that it brought the action of contract upon a promissory note of which the petitioner and others were makers; that the suit resulted in a judgment against the petitioner in the sum of $27,-672.13; that the plaintiff was not present at the trial, introduced no testimony, and interposed no defense, except to file an answer denying liability. It denied that the judgment was founded on a debt or claim to which a discharge in bankruptcy would be a bar; denied that no issue of fraud on the part of the petitioner in the creation of the debt was pleaded or tried between the plaintiff and the trust company; denied that said debt was not within any of the exceptions specified in section 17 of the Bankruptcy Act (Comp. St. § 9601); admitted that it had taken out and held a writ of execution against the plaintiff on the judgment, but denied that it had threatened and intended to enforce the judgment. And, further answering, among other things, it said that the defendants to said action in the state court, other than the present plaintiff, filed answers alleging fraud on the part of the officers of the Tremont Trust Company in obtaining their signatures to the note and negotiating it to the trust company; that the officers of the trust company whose fraud was alleged in these answers were the plaintiff, the vice president and managing director of the trust company, and his son, Benjamin H. Swig, treasurer of the trust company, who, in the matter in question, acted under the direction of the plaintiff; that on September 29, 1923, the plaintiff filed a motion in the superior court to continue said cause for judgment; that thereafter a hearing was had on said motion; that a copy of the record in the Supreme Judicial Court of Massachusetts was submitted at the hearing on the motion as evidence of the facts litigated at the trial in the superior court prior to the transfer of the case to the Supreme Judicial Court; that the question argued on the motion was whether the claim or debt of the trust company against Swig would be barred by a discharge in bankruptcy under section 17 of the Bankruptcy Act (Comp. St. § 9601); that the superior court denied the motion and as a result of the proceedings in that court it was res judicata that the judgment arose out of the fraud of the plaintiff and would not be barred.

In the District Court it was found that, while the plaintiff was not present at the trial in the superior court and took no part in it, his trustee in bankruptcy was present with counsel; that at the close of the trial in the superior court a verdict was directed for the trust company as against Simon Swig, the present plaintiff, and in favor of all the other defendants; that the case was reported to the Supreme Judicial Court; that, after the Supreme Judicial Court had rendered a decision affirming the action of the trial court in directing the verdicts, a writ of execution was applied for in the superior court, and the motion above referred to was presented and denied. With reference to the decision on the motion, the District Court ruled that it did not preclude the plaintiff, Simon Swig, in this proceeding, from showing that the judgment debt was barred by the discharge, but held that the decision of the Supreme Judicial Court in Tremont Trust Co. v. Noyes et al., 246 Mass. 197, 141 N. E. 93, disclosed facts that showed that the debt would be excepted from the bankrupt's discharge, if one was granted, by section 17 of the Bankruptcy Act (Comp. St. § 9601), and that the plaintiff was precluded by the facts set forth in the decision in Tremont Trust Co. v. Noyes et al., supra, from introducing evidence to show that the debt in question was not created by any fraud of the plaintiff against the trust company and dismissed the bill.

It is from this decree that the plaintiff, Simon Swig, appeals, and in his assignments of error his chief complaint is that the court erred in ruling that he was precluded by the facts set forth in the decision in Tremont Trust Co. v. Noyes from showing that

the debt which was the basis of the judgment did not arise through his fraud.

[1] Counsel for the trust company, however, contend that the ruling of the District Court that the plaintiff was not estopped by the findings and decision of the superior court on the motion was erroneous; that it should have held that Swig was precluded by the findings and decision on the motion to contest the question whether the debt there sued on was one that arose or was created through the fraud of Swig. But the trust company did not except to this ruling, so far as the record shows, and has filed no cross-appeal and assignment of errors complaining of it. We are therefore of the opinion that this question is not before us.

[2] The sole question, therefore, which we are called upon to consider, is whether on the evidence reported to the Supreme Judicial Court in Tremont Trust Co. v. Noyes et al., 246 Mass. 197, 141 N. E. 93, the District Court was right in ruling that the plaintiff was precluded thereby from litigating the question whether the debt sued on was created by fraud of his on the trust company, so that his discharge would not be a bar thereto within the provisions of section 17 of the Bankruptcy Act (Comp. St. § 9601).

We have carefully examined the proceedings in that case, including the declaration and the answers of the several defendants. The first count in the declaration is upon the note; the second count is that the defendants requested the trust company to buy 200 shares of its capital stock for them and agreed to reimburse it for the purchase price; and the third is for money paid to the defendant's use. Simon Swig's answer was a general denial, and for further answer he said that, if he ever signed the note, it was without consideration, and that it had been paid in full. The answer of Noyes contained a general denial; denied that he ever made or signed the note; denied that he ever authorized the making of the note; that it was without consideration; and, further answering, said that he signed the note upon a blank form bearing the words printed upon the note, and authorized Benjamin H. Swig, the treasurer of the trust company, to fill in the amount for $2,500 or $2,600; that without any authority from him the treasurer filled in the blank note for $25,000; and that the plaintiff (the trust company) is not a holder in due course, and had notice, when it received the note, that the amount, $25,000, stated therein, was inserted without authority. The answers of

the other defendants contained general denials; that the note was without consideration; that it had been paid; that, if they ever executed and delivered the note, they were induced to do so by false and fraudulent representations made to them by the plaintiff; and, further answering, said that, at the time they signed the note, the name of Noyes was thereon, and that they were unaware that the note was filled in and negotiated in violation of the authority and instructions given to the officers of the trust company by Noyes.

At the trial in the superior court before a jury, the trust company introduced the note. The genuineness of the signatures was conceded. There was also evidence that Simon Swig, on turning over the note to the trust company, received therefor valuable consideration by taking up his own note for a like sum secured by a mortgage on real estate. There was no evidence to the contrary affecting his liability thereon, and, in view of this, it was held in the Supreme Judicial Court that the lower court did not err in directing a verdict against Simon Swig on the note. As to the other defendants, that court held that the lower court did not err in directing verdicts in their favor; that if, on the facts in evidence, the jury took the view that Benjamin H. Swig was acting as an officer of the trust company in filling out the note for $25,000, making it joint and several, and at 4 per cent. interest, when he had only been authorized to fill it in for $2,500 as Noyes' individual note without interest, the trust company was bound by his misconduct and misrepresentations and could not recover; and if the jury took the view that Benjamin H. Swig was the mere tool of Simon, or was acting in collusion with the latter and for his benefit, and was thus committing an independent fraud, although in the interest of another, then the two represented the trust company in the transaction, and, although they were perpetrating a fraud, the trust company could not claim the advantage of it without assuming the imputation of their knowledge, and in such event could not recover of these defendants.

The Supreme Judicial Court was not determining questions of fact, but questions of law, namely, whether on the evidence the jury, as fair-minded men, could reach any other conclusion with reference to the liability of Simon Swig on the note and the nonliability of the other defendants than they were directed to do in the superior court. The only thing material in this case, so far

as that record is concerned, is that it shows that the issue between the trust company and Simon Swig, as framed and tried to the jury, was whether the latter was liable to the former in an action of contract upon the note, and that no issue of fraud as between him and the trust company was framed or tried; that the only issue of fraud tried was that raised by the defendants other than Swig and tried between them and the trust company.

As the issues tried in that case between the trust company and Simon Swig were contractual, and not based on fraud, the latter is not precluded by the judgment obtained against him from now litigating the question whether the debt represented by the note did or did not originate through his fraud. The case, therefore, must be remanded to the District Court for trial of this issue. See Stewart v. Emerson, 52 N. H. 301; Argall v. Jacobs, 87 N. Y. 110, 41 Am. Rep. 357.

The decree of the District Court is vacated, and the case is remanded to that court, for further proceedings not inconsistent with this opinion, with costs to the appellant.