[Civ. No. 7911. Second Appellate District, Division One.—May 23, 1934.]

CORA A. VAN EPPS, Respondent, v. HENRY AUFDEM-KAMP, Appellant.

W. C. Dalzell for Appellant.

Combs & Combs for Respondent.

YORK, J.—Defendant appeals to this court from an order denying motion to quash writ of execution and from the order denying his motion for relief from default under section 473, Code of Civil Procedure.

By complaint in conversion it was alleged by the plaintiff: "That on or about April 2, 1927, the plaintiff was the owner of shares of the preferred stock of Hollywood Mortgage and Finance Corporation, . . . the same being then and there evidenced by certificates of stock of said corporation.

"That on or about said April 2, 1927, at the City of Los Angeles, County of Los Angeles, State of California, the

defendant then being in possession of said goods, unlawfully converted and disposed of the same to his own use, to the damage of the plaintiff in the sum of $1,700.00.''

On January 12, 1928, plaintiff recovered a judgment by default for the sum of $1700, and on December 2, 1930, *alias* execution was issued, and certain property of defendant was levied upon. Thereupon, defendant moved the court to quash the writ of execution on the ground that since recovery of the judgment by default, defendant had been discharged in bankruptcy, and that the judgment was listed in the bankrupt schedule. This motion was by the court denied.

Appellant maintains that the discharge in bankruptcy had the effect of releasing him from the judgment, while respondent, on the other hand, contends that the judgment, being for a wilful and malicious injury to the personal property of another, is not released by the discharge in bankruptcy.

Section 17 of the Bankruptcy Act provides as follows: ''*Debts not affected by a discharge.* A discharge in bankruptcy shall release a bankrupt from all of his provable debts, *except such as* . . . (second) *are liabilities* for obtaining property by false pretenses or false representations, or *for wilful and malicious injuries to the person or property of another.*'' (Sec. 35, tit. 11, Bankruptcy, U. S. Code Annotated, p. 150.)

The question now before this court is whether or not an unlawful conversion of certificates of stock by defendant to his own use, which resulted in damage to the plaintiff, constitutes a wilful and malicious injury. In *McIntyre* v. *Kavanaugh*, 242 U. S. 138 [37 Sup. Ct. 38, 61 L. Ed. 205], where the unauthorized sale of certificates of stock held by a firm of brokers as collateral and the appropriation of the proceeds to their own use was held to be a wilful and malicious injury to property within the meaning of the exception outlined in section 17, *supra*, the court (at p. 207) quoting from *Tinker* v. *Colwell*, 193 U. S. 473 [24 Sup. Ct. 505, 48 L. Ed. 754], said: ''A wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exception.

It is urged that the malice referred to in the exception is malice towards the individual personally, such as is meant, for instance, in a statute for maliciously injuring or destroying property, or for malicious mischief, where mere intentional injury without special malice towards the individual has been held by some courts not to be sufficient. (*Com.* v. *Williams,* 110 Mass. 401.) We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor, and not a malicious wrongdoer, that was to be discharged." So, too, in *Smith* v. *Ladrie,* (1925) 98 Vt. 529 [129 Atl. 302] (for conversion of flour), it was held: "But when the conversion is the result of a deliberate and intentional disregard of another's legal rights, it is a wilful and malicious injury to his property. It is wilful, because it is voluntary (Webster's New Internat. Dict.), and it is malicious, because it is intentional." (Citing cases.)

Respondent in the case now before us did not see fit to interpose a defense to the action, thereby admitting that while in possession of the certificates of stock, he unlawfully converted and disposed of the stock to his own use, to the damage of the plaintiff in the sum of $1700. In line with *Smith* v. *Ladrie, supra,* we are of the opinion that such conversion was wilful, because it was voluntary, and malicious, because it was intentional, and that the judgment based upon such injury is not released by the discharge in bankruptcy.

The orders appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.