[Civ. No. 15573.   Second Dist., Div. Two.   Feb. 17, 1947.]

HAZEL FITZGERALD, Appellant, v. FRED HERZER, Respondent.

Porter C. Blackburn and Shelby L. Chambers for Appellant.

No appearance for Respondent.

WILSON, J.—The question presented by this appeal is whether defendant's discharge in bankruptcy released him

from a judgment in a personal injury action in which plaintiff's injuries were the result of his grossly careless and reckless conduct.

Plaintiff commenced an action against defendant to recover damages for injuries that she received when struck by an automobile driven by him. The complaint alleged that he drove his automobile "at a fast, furious, reckless and dangerous rate of speed, in a grossly careless, reckless and unlawful manner, and at an illegal rate of speed"; that he drove "negligently, carelessly and recklessly," and that plaintiff's injuries were "due to the wanton, gross carelessness, recklessness and negligence of said defendant."

Defendant suffered his default to be entered and a judgment was rendered against him on May 17, 1944, for the sum of $7,500 and costs. The judgment recited that he had been regularly served with process, had failed to answer, was not in the military service of the United States, and that his default had been entered.

On December 12, 1944, defendant filed his petition in bankruptcy and schedules in the District Court of the United States. In the schedule of creditors whose claims were unsecured he listed the judgment, together with plaintiff's name as the holder of the claim, and she was notified in the manner required by law. On or about April 12, 1945, defendant received his discharge in bankruptcy.

Thereafter, plaintiff brought this action on the judgment seeking a new judgment for the amount thereof, with interest. The complaint alleged the rendition of the judgment in the former action and that it was on a cause of action for damages suffered by her for personal injuries "proximately caused by defendant through his willful, wanton and grossly careless conduct, under circumstances manifesting an utter disregard of the rights of plaintiff by defendant."

On motion of defendant the latter allegation was stricken from the complaint. He then answered pleading his discharge in bankruptcy.

At the trial the complaint and the judgment in the former action were offered by plaintiff and received in evidence. The facts relating to defendant's bankruptcy as above set forth were stipulated to be true.

For the purpose of showing that the judgment was not discharged in bankruptcy plaintiff offered to prove the allega-

tions in the complaint in the former action with reference to defendant's "wanton, gross carelessness, recklessness and negligence"; that defendant was driving at approximately 80 miles an hour; that he was drunk at the time of the accident. The offer of proof was refused by the court. Findings were filed to the effect that defendant had been discharged in bankruptcy of plaintiff's claim. Judgment was rendered in favor of defendant from which plaintiff has appealed.

1. *The effect of defendant's discharge in bankruptcy.* Section 17 of the Bankruptcy Act (11 U.S.C.A. § 35) provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, . . . except such as . . . are liabilities . . . for willful and malicious injuries to the person or property of another. . . ." The cause of action stated in the complaint in the first action was of the type excepted in the statute from the operation of the discharge, and if the allegations in the original complaint are true defendant's liability was not discharged. (*Woehrle* v. *Canclini,* 158 Cal. 107, 108 [109 P. 888]; *Marlenee* v. *Warkentin,* 71 Cal.App.2d 177, 180 [162 P.2d 321]; *Van Epps* v. *Aufdemkamp,* 138 Cal.App. 622, 623 [32 P.2d 1116].) Whether a judgment is cancelled by a discharge in bankruptcy depends on the nature and character of the liability for which it was recovered. Therefore, in ascertaining whether the judgment upon which the instant action is based was discharged the court will go behind the judgment, examine the entire record, and determine therefrom the nature of the original liability, and when necessary extrinsic evidence will be received for the purpose of determining the character of the debt. (*Carit* v. *Williams,* 74 Cal. 183, 185 [15 P. 751]; *In re Hammond,* (C.C.A. 2) 98 F.2d 703, 704; Cert. den. 305 U.S. 646 [59 S.Ct. 149, 83 L.Ed. 418]; *Greenfield* v. *Tuccillo,* (C.C.A. 2) 129 F.2d 854, 856; *Swig* v. *Tremont Trust Co.,* (C.C.A. 1) 8 F.2d 943, 946; *In re Pulver,* 146 Wash. 597 [264 P. 406, 408]; *Guernsey-Newton Co.* v. *Napier,* 151 Wash. 318 [275 P. 724, 725]; *Hallagan* v. *Dowell,* 179 Iowa 172 [161 N.W. 177, 178]; *Bever* v. *Swecker,* 138 Iowa 721 [116 N.W. 704, 706]; *Campbell* v. *Norgart,* 73 N.D. 297 [14 N.W.2d 260, 261].)

Notwithstanding the change in the form of a debt from that of an unliquidated claim by merger into a judgment of a court of record, it still remains the same debt as that on which the action was brought. (*Boynton* v. *Ball,* 121 U.S.

457, 466 [7 S.Ct. 981, 30 L.Ed. 985, 986] ; *Woehrle* v. *Canclini, supra; Carit* v. *Williams, supra; Wilson* v. *Walters,* 19 Cal.2d 111, 121 [119 P.2d 340].)

Willful disregard of what one knows to be his duty, an act that is against good morals and wrongful in itself and that necessarily causes injury and is done intentionally, is a willful and malicious act within the exception in the bankruptcy statute. (*Van Epps* v. *Aufdemkamp, supra,* at p. 623, quoting from *Tinker* v. *Colwell,* 193 U.S. 473, 487 [24 S.Ct. 505, 48 L.Ed. 754, 760].) The term ''wanton'' expresses a reckless disregard of consequences. (*Tharp* v. *Breitowich,* 323 Ill.App. 261 [55 N.E.2d 392, 393] ; Cert. den. 323 U.S. 801 [65 S.Ct. 561, 89 L.Ed. 639].)

The acts of defendant were charged in the original complaint to have been grossly careless, reckless, negligent and wanton. To avoid a discharge in bankruptcy it was not necessary that the words ''willful and malicious'' be used. The terminology in the complaint is the equivalent of ''willful and malicious'' as used in the Bankruptcy Act. (*In re Greene,* (C.C.A. 7) 87 F.2d 951, 953; *Van Epps* v. *Aufdemkamp, supra; Tinker* v. *Colwell, supra.*)

It follows that defendant was not released from liability on the judgment by his discharge in bankruptcy.

2. *The effect of the default judgment.* Since the judgment in the former action had become final, the court erred, not in rejecting plaintiff's offer of proof, for such proof was unessential, but in rendering judgment in favor of defendant on the evidence before the court, consisting of the complaint in the original action, the default of defendant, and the judgment for plaintiff. The evidence tendered by the offer of proof would have established nothing more than defendant had admitted by his failure to answer in the first action. By permitting his default to be entered he confessed the truth of all the material allegations in the complaint (*Wilshire Mortgage Corp.* v. *O. A. Graybeal Co.,* 41 Cal. App. 1, 5 [105 P.2d 996] ; *Strong* v. *Shatto,* 201 Cal. 555, 558 [258 P. 71] ; *Brown* v. *Brown,* 170 Cal. 1, 5 [147 P. 1168]) including the allegations of wantonness, recklessness and gross carelessness. (*Van Epps* v. *Aufdemkamp, supra,* at p. 624.)

A judgment by default is as conclusive as to the issues tendered by the complaint as if it had been rendered after answer filed and trial had on allegations denied by the answer. (*Maddux* v. *County Bank,* 129 Cal. 665, 667 [62 P. 264, 79

Am.St.Rep. 143] ; *Morenhut* v. *Higuera,* 32 Cal. 289, 295.) Such a judgment is res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint. (*Horton* v. *Horton,* 18 Cal.2d 579, 585 [116 P.2d 605] ; *Harvey* v. *Griffiths,* 133 Cal.App. 17, 22 [23 P.2d 532].) Since the only defense presented in the instant action was the discharge in bankruptcy, futile insofar as plaintiff's claim is concerned, judgment should have been rendered in favor of plaintiff on the evidence introduced.

Judgment reversed with instructions (1) to vacate the order striking out portions of the complaint; (2) to make findings of fact and conclusions of law in accord with this opinion; (3) to enter judgment for plaintiff as prayed.

Moore, P. J., and McComb, J., concurred.