UNITED STATES v. HOSTEEN TSE-KESI et al.

No. 4244.

United States Court of Appeals
Tenth Circuit.

Aug. 30, 1951.

Roger P. Marquis, Washington, D. C. (A Devitt Vanech, Asst. Atty. Gen., Scott M. Matheson, U. S. Atty., O. K. Clay, Asst. U. S. Atty., Salt Lake City, Utah, on the brief), for appellant.

Knox Patterson and O. A. Tangren, Salt Lake City, Utah, on the brief, for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The United States brought this action to enjoin the defendants, Hosteen Tse-Kesi and Eddie Nocki, Navajo Indians, from repeated and continuing trespasses upon certain lands in the State of Utah. Approximately forty other Navajo Indians, who were similarly situated to the two original defendants were made parties defendant. The defendants answered, admitting that the ownership and right of possession of the lands was in the United States, and alleged as an affirmative defense that such ownership and possession was subject to the aboriginal and ancestral rights of the defendants for occupational use and grazing. The answer also contained a cross-complaint and counterclaim. After hearing arguments of counsel on a motion for summary judgment filed by the United States, the court, of its own motion, dismissed the complaint and entered judgment for the defendants. This appeal is from that judgment. The court also dismissed the cross-complaint and the counterclaim of the defendants. The defendants did not appeal from the judgment dismissing their cross-complaint and counterclaim.

In addition to alleging ownership and right of possession, the United States alleged that the described lands had been set apart for the grazing of livestock under the provisions of the Taylor Grazing Act, 43 U.S.C.A. § 315, and designated as Grazing District No. 6; that the defendants, without the consent or authorization of the United States, wilfully, wrongfully, intentionally, and continuously, drove, herded, and grazed livestock upon the lands, and continuously refused to comply with a demand to remove the livestock therefrom but continued to feed and graze livestock upon the same; that the United States had no plain, speedy and adequate remedy at law. By answer the material allegations of the

complaint were admitted. The defendants relied upon their affirmative defense that the ownership and right of possession of the United States was subject to their aboriginal and ancestral rights for occupational use and grazing. It was alleged that since sometime prior to February 1, 1848, the defendants and their ancestors have constituted an independent band of Navajo Indians which inhabited a large area of land in southeastern Utah, including the land in question; that during the occupation they have constructed living quarters and shelters upon the lands, and made their livelihood therefrom by grazing of livestock and farming to a limited extent; that they had no tribal connections and no treaty obligations with other Indians or the United States; and that they maintained their own form of government. In their cross-complaint and counterclaim the defendants sought judgment in the sum of $1,000,000 as damages suffered as a result of the invasion and interference of such rights.

The principal reasons given by the court for the dismissal of the complaint were: (1) that an injunction against the use of the lands would require the defendants to leave their homes, fields and grazing grounds, and that the court had no authority to allot to the defendants any other place to live; (2) that the court had no means of compelling obedience to an injunction, if issued; (3) that it was the problem of the United States Department of the Interior and the Bureau of Land Management, and not that of the courts, to solve the conflict. 93 F.Supp. 745.

 The court in this action had jurisdiction over the parties and the subject matter and we see no reason why it should not be exercised. While there may be cases where the court would be justified in refusing to exercise jurisdiction, ordinarily it is under a duty to decide cases upon their merits and may not arbitrarily refuse to exercise its jurisdiction when invoked by appropriate proceedings.[1] As Chief Justice Marshall said in an early case,[2] "With whatever doubts, with whatever difficulties, a case may be attended, we must decide it if it be brought before us." The parties agree that the pleadings here present an issue of fact as to the right to possession of the lands by the defendants by virtue of aboriginal or ancestral occupation which can be determined only from the evidence adduced upon trial.[3]

 Injunctive relief for continued and repeated trespasses should not be denied because it is thought that such an injunction will not be obeyed and that it would be difficult to enforce. We think the court should assume that its orders and decrees will be promptly obeyed by litigants rather than assuming they would be disobeyed.[4] We find nothing in the record which would indicate that the defendants intended to defy an adverse ruling of the court. It clearly appears that the defendants are desirous of having their rights to possession adjudicated.

 The fact that the court had no power to provide another place for the defendants to live, whereas the United States had such power, was not an adequate or legal ground for denying the relief. The defendants were charged with being wilful and continuous trespassers upon the lands of the United States. If this charge was proved to the satisfaction of the court an injunction should issue. Where the trespassers might reside after

1. Tutum v. United States, 270 U.S. 568, 577, 46 S.Ct. 425, 70 L.Ed. 738; Mutual Life Ins. Co. of N. Y. v. Krejci, 7 Cir., 123 F.2d 594; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613; Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Southern California Telephone Co. v. Hopkins, 9 Cir., 13 F.2d 814, 820, affirmed 275 U.S. 393, 48 S.Ct. 180, 72 L.Ed. 329.

2. Cohens v. Virginia, 6 Wheat. 264, 5 L. Ed. 257.

3. United States v. Alcea Band of Tillamooks, 329 U.S. 40, 54, 67 S.Ct. 167, 91 L.Ed. 29; United States v. Santa Fe Pac. R. Co., 314 U.S. 339, 345, 62 S.Ct. 248, 86 L.Ed. 260; Cramer v. United States, 261 U.S. 219, 43 S.Ct. 342, 67 L.Ed. 622; State of Minnesota v. Hitchcock, 185 U.S. 373, 390, 22 S.Ct. 650, 46 L.Ed. 954; Spalding v. Chandler, 160 U.S. 394, 403, 16 S.Ct. 360, 40 L.Ed. 469.

4. Higgins v. Cal. Prune & Apricot Growers, 2 Cir., 282 F. 550, 559.

the injunction issues cannot be determined in this action.

█ The trial court dismissed the cross-complaint and the counterclaim upon the grounds that the Indian Claims Commission or the Court of Claims is the proper forum in which to seek money damages upon Indian claims, and not the Federal District Court.[5] No appeal was taken from this order of dismissal and it may not be considered here.[6]

█ The fact that the government instituted the original action for injunctive relief would not extend jurisdiction to a claim presented in a cross-complaint over which Congress had not authorized the United States to be sued. Suits against the United States may be brought only when consent is given by Congress and then only in courts designated.[7]

Judgment is reversed and the cause remanded with instructions to reinstate the complaint and proceed in accordance with the views herein expressed.

---

5. 25 U.S.C.A. § 70a; 28 U.S.C.A. § 1505.

6. Bryant v. Mass. Bonding & Ins. Co., 5 Cir., 158 F.2d 967; Arkansas Fuel Oil v. Leisk, 5 Cir., 133 F.2d 79; Swig v. Tremont Trust Co., 1 Cir., 8 F.2d 943; Lasswell Land & Lumber Co. v. Lee Wilson & Co., 8 Cir., 236 F. 322, certiorari denied 242 U.S. 652, 37 S.Ct. 245, 61 L. Ed. 546; Morley Const. Co. v. Md. Casualty Co., 300 U.S. 185, 57 S.Ct. 325, 81 L.Ed. 593; United States v. American Ry.

Exp. Co., 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087; Landram v. Jordan, 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88.

7. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; Nassau Smelting & Refining Works v. United States, 266 U.S. 101, 45 S.Ct. 25, 69 L.Ed. 190; Ill. Central R. Co. v. Public Utilities Comm., 245 U.S. 493, 504, 38 S.Ct. 170, 62 L.Ed. 425.