Luis R. Pagán Fortis, Plaintiff and Appellant, *v.* Julio Garriga, Jr., Defendant and Appellee.

No. 273.    Decided May 3, 1963.

---

*Rodríguez Ema & Rodríguez Ramón, Nicolás Jiménez,* and *Rodolfo Sequeira* for appellant. *F. Torres Aguiar* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Luis R. Pagán Fortis entered into a work contract with Julio Garriga. He agreed to construct a three-story building for the sum of $26,000, subject to the conditions agreed upon. The contractor had prepared blueprints for the construction of a commercial building, but Garriga changed his mind and decided to have a dwelling building. The blueprints for the latter were also prepared by plaintiff. The price stipulated for the construction of the work did not include the blueprints.

Before completing the work Garriga decided to construct an additional mirador and to use windows different from those agreed upon. The mirador and the difference in the price of the windows, as well as the cost of the paint and kitchen cabinets, were not included in the contract price.

Upon completion of the work Garriga had paid to plaintiff the sum of $25,000. Plaintiff billed defendant later for the following items:

"1. Balance of contract ........................... $1,000.00
2. Cost of mirador and upper staircase ........ 2,500.00
3. Professional fees, blueprints for a four-story building at 5.5 per cent ................ 1,705.00
4. Blueprints for change of mirador ............ 150.00
5. Rocktite paint on cement basis (change of oil) ........................................ 300.00
6. Change of windows to glass awning type ... 390.00

| | |
|---|---|
| 7. Three kitchen cabinets | 90.00 |
| Total | $6,135.00" |

Upon receipt of above statement defendant mailed a check to plaintiff for the sum of $1,000.00, stating that the amount of the check was "in full settlement of the balance of the contract of the building erected at 1756 Loíza Street, owned by Julio Garriga, Jr., including blueprints, permits, policies, materials, etc., and everything connected with the construction until completion."

Upon endorsing the check in order to cash it, Pagán stated "accepted as partial payment," and wrote a letter to defendant informing him that "we are crediting to your account check No. 763 for $1,000, dated November 21, 1955. We wish to make clear, however, that the voucher for that check is erroneous as to the following items included therein, to wit: 1. Professional fees 2. Additional cost of mirador 3. Service staircase 4. Items included in the last bill."

Garriga did not answer this letter, but five months later, when Pagán billed him again for the balance of the account, he returned it with a note which reads "Note, I do not owe you anything."

Upon receipt of the bill returned with the note, Pagán brought the present action. Defendant answered, counterclaimed, and also set up the defense "that any claim which plaintiff may have against defendant by reason of the work contract involved in the complaint had extinguished by the date of the claim by virtue of accord and satisfaction, plaintiff having received, accepted and cashed on November 30, 1955 check No. 763 for the sum of $1,000, issued by defendant on November 21, 1955 to the order of plaintiff Luis Raúl Pagán Fortis, in full settlement of the balance of the contract for the building erected at 1756 Loíza Street, owned by Julio Garriga, Jr., including blueprints, permits, policies, materials, etc., and everything connected with the construc-

tion until completion. *López* v. *South P.R. Sugar Co.*, 62 P.R.R. 227."

During the hearing of the case Pagán testified on his agreement with Garriga. He alleged that the contract originally entered into by them was for $26,000. That the sum of $1,000 was due under this contract and that the balance of the account covered the construction of the mirador and the other items specified in the statement.

At the close of plaintiff's evidence defendant moved "for dismissal of the complaint on the basis of the affirmative defense of accord and satisfaction." The trial court so determined and dismissed the complaint. It also dismissed the counterclaim on the ground that defendant, in stating that the payment covered everything connected with the construction, "unquestionably included any claim which . . . he might have against plaintiff connected with the work contract. Plaintiff's claim having been liquidated by the acceptance and cashing of the check, defendant's claim was therefore also liquidated and extinguished."

Plaintiff appealed to this Court and we agreed to review the judgment dismissing the complaint. Defendant did not appeal from the judgment dismissing his counterclaim.

In *López* v. *South P.R. Sugar Co.*, 62 P.R.R. 227 (1943), we said: "for accord and satisfaction to apply, the following requisites must exist: (1) A claim which is unliquidated or concerning which a bona fide controversy exists; (2) an offer of payment by the debtor; and (3) an acceptance of the offer of payment by the creditor."

The evidence which the trial judge had under consideration shows that a contract was first made for the construction of certain work for the sum of $26,000, subject to certain conditions previously agreed upon; that in the course of the construction defendant tendered payments aggregating $25,000, owing $1,000 which, according to plaintiff's statement, he expressly agreed to pay; that after the work was

commenced changes and additions were made therein, and that defendant asked for a reduction in the value of the latter.

■ The case of *Buchanan & Carvel* v. *Etie*, 191 S.W.2d 706 (Tex. 1945), presents a situation of facts similar to that herein. A specific sum was alleged to be due under the original contract made by the parties. A statement was mailed for that amount and also for the cost of extra work, including materials. A check was mailed for the amount stated due under the original contract with a statement that it was in full settlement of the debt. Upon endorsement of the check, it was stated that it was accepted as partial payment. Upon learning of this endorsement, the debtor notified him to return the check in the event it was not accepted as a payment in full. The creditor made no reply. The court held that the creditor's action did not constitute consideration for an accord and satisfaction. It was said: "The payment to Etie of the $2,074.74 was only the payment of a sum already acknowledged to be due him and which did not cover any of the items sued for herein. Such a payment cannot be the consideration for an accord and satisfaction." See, also, *Tortuguero Logging Operation, Limited* v. *Houston*, 349 S.W.2d 315 (Tex. 1961); *Western Concrete Struct. Co.* v. *James I. Barnes Const. Co.*, 23 Cal. Rptr. 506 (1962); *Hudson* v. *American Founders Life Ins. Co. of Denver*, 377 P.2d 391 (Colo. 1962); *J. F. White Engineering Corporation* v. *United States*, 311 F.2d 410 (10th Cir. 1962).

From the evidence which the trial judge had under consideration it could not be clearly concluded that the acceptance of the payment of $1,000 was in full settlement of the balance of plaintiff's claim against defendant. In sending the check for $1,000 defendant was paying the amount due under the original contract, an amount stated on which there was no controversy. Defendant had admitted that he owed that amount. No payment was tendered in excess of that sum

whereby the acceptance thereof could be considered as constituting full settlement of the items exceeding the amount stated and which was due under the original contract. Therefore, the first of the three requisites which in *López* v. *South P.R. Co., supra,* we said should necessarily concur in order that the acceptance of a sum less than the amount due could be considered as constituting full settlement of the debt, was not present. In *López, supra,* we also concluded that that requisite was lacking. The judgment dismissing the complaint should therefore be reversed, but not the judgment dismissing the counterclaim since review thereof was not sought. *United States* v. *Hosteen Tse-Kesi,* 191 F.2d 518 (10th Cir. 1951); 1A Barron & Holtzoff, Federal Practice & Procedure, Rules Edition, § 407 (1960 ed.). The case will be remanded for further proceedings.