### RAYBORN v. REID

#### (138 S. E., 294)

1. BANKRUPTCY—STATE LAW FOR RELIEF OF INSOLVENT DEBTORS HELD SUSPENDED BY FEDERAL BANKRUPTCY ACT (CODE CIV. PROC. 1922, § 799, ET SEQ.; NATIONAL BANKRUPTCY ACT [U. S. COMP. ST., §§ 9585–9656]).—Code Civ. Proc. 1922, § 799, *et seq.,* providing for relief of insolvent debtors, in so far as it purports to discharge a debtor from his obligations, *held* suspended by passage of Federal Bankruptcy Act (U. S. Comp. St., §§ 9585–9656), and thereafter inoperative and void.

2. BANKRUPTCY—STATE COURT COULD NOT DISCHARGE OBLIGATION OF JUDGMENT UNDER STATE LAW FOR RELIEF OF. INSOLVENT DEBTORS WHILE FEDERAL BANKRUPTCY ACT WAS IN EFFECT (CODE CIV. PROC. 1922, § 799, ET SEQ.).—Where, at time of proceedings under Code Civ. Proc. 1922, § 799, *et seq.,* providing for relief of insolvent debtors, under which discharge from judgment was permitted, the Federal Bankruptcy Act (U. S. Comp. St., §§ 9585–9656) was in effect, thereby suspending operation of State law, State Court was without jurisdiction to render any order discharging defendant from obligation or liability arising out of judgment.

3. BANKRUPTCY—JUDGMENT IN FAVOR OF WIDOW FOR DAMAGES FOR KILLING OF HER HUSBAND HELD "DEBT" PROVABLE IN BANKRUPTCY (BANKRUPTCY ACT, § 63 [U. S. COMP. ST., § 9647]).—Judgment in favor of widow for damages, on behalf of herself and her two minor children, for the killing of her husband, *held* a "debt" provable in bankruptcy, under Bankruptcy Act, § 63. (U. S. Comp. St., § 9647).

4. BANKRUPTCY—JUDGMENT IN FAVOR OF WIDOW FOR DEATH OF HUSBAND HELD "DEBT" DISCHARGEABLE IN BANKRUPTCY.—Judgment in favor of widow on behalf of herself and minor children for. the killing of her husband *held* a debt dischargeable in bankruptcy, in absence of evidence that jury found nothing but compensatory or actual damages.

---

Note: On effect of Federal Bankrupt Act on insolvent proceeding under State law, see annotation in 45 L. R. A., 186; 3 R. C. L., 165; 1 R. C. L. Supp., 778.

5. BANKRUPTCY—JUDGMENT DEBTOR, SEEKING RELIEF FROM OBLIGA-
TION UNDER STATE LAW, MUST SHOW THAT DEBT WAS NOT DIS-
CHARGEABLE IN BANKRUPTCY (CODE CIV. PROC. 1922, § 799, ET
SEQ.).—Where judgment debtor had filed petition, under Code Civ.
Proc. 1922, § 799, *et seq.*, seeking relief from further liability on
judgment, and claimed benefit of excepted class as not being
within National Bankruptcy Act (U. S. Comp. St., §§ 9585–9656),
which superseded State law, in so far as it purported to discharge
debtor from obligation, he has burden of bringing himself clearly
within proviso, as fixed and established by Congress, relative to
showing that such debt was not dischargeable in bankruptcy.

6. JUDGMENT—JUDGMENT IN FORCE LESS THAN 10 YEARS MAY BE RE-
VIVED BY PLAINTIFF, AND LIEN EXTENDED FOR ADDITIONAL 10 YEARS
(CODE CIV. PROC. 1922, § 799, ET SEQ.).—Where judgment had been
in force less than ten years at time of defendant's discharge
thereunder pursuant to Code Civ. Proc. 1922, § 799, *et seq.*, pro-
viding for relief of insolvent debtors, and application for revival
was made by the plaintiff in due time, plaintiff was entitled to re-
vival, with extension of lien, for additional period of ten years.

Before HENRY, J., York, September, 1924.    Affirmed.

Proceeding by Corrie Hendricks Rayborn to revive a
judgment in her favor against Roddey Reid.    Decree for
plaintiff, and defendant appeals.    Affirmed.

The decree of the Circuit Court, which was affirmed by
the Supreme Court on appeal, is as follows:

This is a proceeding to revive a judgment rendered in
favor of the plaintiff against the defendant at the March
term, 1915, of the Court of Common Pleas of York
County; judgment having been entered on March 9, 1915,
in the sum of $5,047.80.    The action brought by the
plaintiff was to recover damages on behalf of herself and
her two minor children for the killing of her husband on
or about the 20th day of October, 1911.    The hearing be-
fore me was had upon a stipulation by which the material
facts set forth in the summons to revive, answer of the
defendant, and reply were admitted to be true, and it was
agreed that the contentions of the parties were correctly
set forth in these pleadings.    These admitted facts in-
cluded, amongst others, the following:

That the plaintiff and her two children, as well as the defendant, were residents of York County, S. C., at the time the cause of action arose; that the plaintiff and her two children subsequently removed to North Carolina, where they have resided continuously ever since; that the plaintiff was duly appointed administratix of her husband by the Probate Court of York County, and is still acting as such; that after the rendition of this judgment, while the plaintiff and her two children were residents of North Carolina, execution was issued thereon against the property of the defendant, and all of the property, then owned by him, was set apart to him as his homestead exemption, and the sheriff returned the execution *nulla bona.* Thereupon, pursuant to the provisions of the statutes of this State, execution was issued against the person of the defendant, and he was confined in the York County jail; that thereafter he filed a petition to the Court of Common Pleas for York County, pursuant to Section 799 *et seq.,* Vol. 1, Code 1922, seeking his discharge from arrest, and also absolving him from further liability upon the judgment in question. The Clerk of Court thereupon published notice as required. The plaintiff did not appear, either in person or by counsel, at the hearing on said petition, and an order was entered discharging the body of the defendant from the execution, and the order further purported to discharge him from futher liability on this debt. Nothing whatever was paid to the plaintiff upon said judgment, and the whole amount thereof, with interest and costs, still remains unpaid.

The allegations of the complaint were that the death of the plaintiff's intestate was proximately caused by the malicious, wanton, and negligent act of the defendant in causing his automobile to collide with the vehicle in which the plaintiff's intestate was riding. There was no evidence introduced at the hearing before me to show whether the killing of the plaintiff's intestate was by the mere negligence of the defendant, or whether the defendant was

guilty of any wanton, willful, and malicious conduct, and, apparently from the record, the jury allowed compensatory damages.

The main contention of the plaintiff's counsel is that, inasmuch as Congress had passed the national Bankruptcy Act (U. S. Comp. St. §§ 9585–9656), which was passed before the cause of action arose, and has been in force ever since, the insolvent law of South Carolina, in so far as it provided for the discharge of the debtor from the obligation of this judgment, was void and inoperative, having been suspended by the passage of the national Bankruptcy Act. The plaintiff therefore contends that the original judgment is in full force and effect, just the same as if no proceeding had ever been had under the provisions of the state insolvency law. On the other hand, defendant's counsel, while admitting as a general proposition that the passage of the national Bankruptcy Act suspended the operation of a state insolvent law, in so far as the state law was operative to discharge debts, nevertheless, in view of the fact·that the plaintiff has alleged in the complaint that this was a willful, malicious, and wanton act of negligence, the Court must treat the judgment as having been founded upon such a cause of action, and that in this view of it (defendant's counsel contended) the judgment was not a debt provable in bankruptcy, nor one that was dischargeable in bankruptcy, and that consequently it was an obligation excepted from the operation of the Bankruptcy Law, and that, because it was excepted from the operation of the Bankruptcy Law, the state insolvency law was therefore not suspended, in so far as it was inoperative upon a debt of this character.

I am of the opinion, and so find, hold, and rule, that the law providing for the relief of insolvent debtors (herein called the state insolvent law), in so far as it purports to discharge a debtor from his obligations, was suspended by the passage of the Bankruptcy

Law, and that the state insolvent law was therefore inoperative and void, at the time the proceedings were had under which the defendant claims his discharge, and that the State Court was without jurisdiction to render any order discharging the defendant from the obligation or liability arising out of this judgment. I also find that the said judgment has been in force ever since the date of its entry.

It is clear that the judgment was unquestionably a debt provable in bankruptcy, pursuant to the express provisions of Section 63 of the Bankruptcy Act (U. S. Comp. St. § 9647). That portion which is material to this case is as follows:

"Debts Which May be Proved—(a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him," etc.

I also find and hold that the debt was one dischargeable in bankruptcy, because, as stated above, there is no evidence that the jury found anything but compensatory or actual damages, and the burden rested upon the defendant, claiming the benefit of an excepted class, to bring himself clearly within the proviso as fixed and established by Congress. That the obligation, being in the form of a judgment, is a fixed liability, and therefore provable in bankruptcy, would appear to be too plain to require any citation of authority. Attention, however, may be called to the case of *Kreitlein v. Ferger*, 238 U. S., 21; 35 S. Ct., 685; 59 L. Ed., 1184, where the Supreme Court of the United States said:

"Besides the judgment was a provable debt, even though rendered in a suit where the creditor had elected to bring an action in trover, as for a fraudulent conversion, instead of assumpsit for a balance due on open account."

Another case it that of *In re N. Y. Tunnel Co.,* 159 F., 688, in which the Circuit Court of Appeals of the Second Circuit said:

"Judgments rendered before bankruptcy, whether based upon liability for tort or contract, are expressly provable under Section 63a [U. S. Comp. St. § 9647]. The exception in Section 17 [U. S. Comp. St. § 9601] was to prevent judgments for certain torts being discharged."

Also the following leading text-writers may be referred to: Collier on Bankruptcy (12th Ed.), p. 958; 1 Remington, Bankr. (2nd Ed.), § 680; 7 C. J., p. 299.

There also seems to be no question that, in so far as the insolvent debtors act of this State, relied upon by the defendant, purports to discharge a defendant from the obligation of the judgment under which he is imprisoned, this state statute to that extent is a Bankruptcy Law, and covers the same field covered by the national Bankruptcy Act. In other words, the very essence of the Bankruptcy Law is that it provides the discharge of the debtor from the obligation of the debt, and all the authorities, apparently, without any exception, hold that, wherever a state statute provides for the discharge of a debtor from the obligation of a debt, it does to that extent cover the same field that is covered by the Bankruptcy Law, and that it is suspended or rendered void and inoperative by the passage of the national Bankruptcy Law, pursuant to the powers vested in Congress by the United States Constitution.

In the case of *Boese v. King,* 108 U. S., 379; 2 S. Ct., 765; 27 L. Ed., 760, the Court had under consideration an insolvency law passed by the State of New Jersey, and the fourteenth section of this New Jersey Act (Rev. St. 1847, p. 319) provided that all creditors who exhibited their claims and participated in the assignment must accept what they received in full, and the debtor was thereafter discharged from all liability. There were other questions in that case, and upon these other questions the Court

was divided, but the majority and minority opinion of the Court both held that this fourteenth section of the New Jersey Act was void, even though a creditor might go in and participate in the distribution of the assets of the debtor. In the majority opinion the Court said:

"Undoubtedly the local statute was, from the date of the passage of the Bankruptcy Act, inoperative in so far as it provided for the discharge of the debtor from future liability to creditors who came in under the assignment and claimed to participate in the distribution of the proceeds of the assigned property."

In the minority opinion, it is said:

"It is conceded that the fourteenth section, which provides for the discharge of the debtor, is void by reason of this conflict, and, in our opinion, this carries with it the entire statute; for the statute is an entirety, and to take away the distinctive feature contained in the fourteenth section destroys the system."

The foregoing is perhaps the leading case upon this question, and has been cited and approved many times, not only by the United States Supreme Court, but by the highest Courts in many states, and, as stated above, there appears to be no authority to the contrary.

Counsel for the defendant cites some cases in State Courts, holding that *involuntary* proceedings under a state insolvency law may be begun against a farmer notwithstanding the existence of the national Bankruptcy Law, because, by the express terms of the national Bankruptcy Act, *involuntary* proceedings against farmers are expressly forbidden. Other State Courts of high repute combat the position, and hold that even involuntary proceedings against farmers cannot be maintained under a state insolvent law, while the national Bankruptcy Act is in existence.

I deem it irrelevant to determine which view upon this point is the correct one, for the reason that all the Courts hold, even in the case of a farmer, that he cannot file a

voluntary petition under a state insolvency law, because the national Bankruptcy Act expressly provides that any person (including farmer) may file a *voluntary* petition in bankruptcy.

In the case at Bar the petition filed by the defendant was a voluntary petition, and, as he unquestionably had the right to file a voluntary petition in bankruptcy after this judgment of the plaintiff against the defendant, Roddey identically the same field covered by the national Bankruptcy Law. Indeed, it may be well to note that the South Carolina insolvency act makes no provision whatever for involuntary proceedings against a debtor.

Counsel for defendant also refer to the case of *Bell Mfg. Co. v. Cross,* 123 S. C., 507; 117 S. E., 196, as sustaining their contention that this judgment was not a debt provable in bankruptcy. Examination of that case, however, will disclose the fact, while the Court held that the judgment was not provable, the ruling of the Court was based expressly and explicitly upon the point that at the time the petition in bankruptcy was filed the judgment had not been rendered, and the Court referred to the provisions of the bankrupt law that a judgment which was in existence at the time the petition was filed was provable in bankruptcy, whereas a claim not liquidated at the time the petition in bankruptcy was filed was not provable. In other words, the ruling of the Court in the case referred to clearly sustained the views of the Court in the case at Bar, inasmuch as this judgment was in existence at the time the defendant commenced the insolvency proceedings in the State Court, and therefore, if the defendant had chosen to file a petition in bankruptcy, as he had the undoubted right to do, this judgment under the ruling of the Supreme Court could have been proved in bankruptcy against him.

These are considered to be the main points involved in the case, and, as stated above, I am of the opinion that the South Carolina Insolvent Debtors Act was suspended by

the national Bankruptcy Act in so far as it purported to discharge the defendant from the obligation of this judgment. Inasmuch as the State law had been suspended and rendered void, it necessarily follows that there could be no question of estoppel or *res adjudicata* arising out of any act of the State Court taken pursuant to the state law.

The judgment against Reid having been in force less than 10 years form the date of its entry, and this application being made in due time, there can be no question as to the right of the plaintiff to have it revived, and the lien extended for an additional period of 10 years.

It is therefore ordered, adjudged, and decreed that the judgment was rendered, the statutes of this state covered Reid, entered in the office of the Clerk of the Court of Common Pleas for York County March 9, 1915, in the sum of $5,047.80, and referred to herein, be and the same is hereby revived, and, in the event the same is not paid in full by the defendant, the Clerk of Court is directed to issue execution thereupon as provided by the law.

*Messrs. Dunlap & Dunlap, and J. E. McDonald,* for appellant, cite: *Jurisdiction of Federal Courts in Bankruptcy exclusive, all insolvency laws, by the State in conflict therewith suspended:* 190 U. S., 1; 23 Sup. Ct., 718; 245 U. S., 605; 62 L. Ed., 507. *Verdict of case at bar included actual and punitive damages:* 117 S. E., 196. *Act of General Assembly under which appellant discharged not superseded or suspended by bankrupt act:* 12 Wheat., 213; 4 L. Ed., 1827; 296 Fed., 112; 245 U. S., 605; 62 L. Ed., 507; 12 Rich., 692; 6 L. Ed., 606. Brandenburg on Bkr., Sec. 17; Black on Bkr., 271; Am. Ann. Cas., 1913-E, 945; 95 A. S. R., 577; 89 A. S. R., 124; 75 A. S. R., 147; 70 A. S. R., 258; 3 R. C. L., 179; 147 U. S., 494; 37 L. Ed., 253; 25 R. C. L., 983; 154 Fed., 761. *Same does not apply to insolvent debtors generally:* Sec. 4176, Code, 1912; Sec. 779-818, Code Civ. Proc., 1922. *Discharge in bankruptcy does not*

*release judgments in action for wilful and malicious injuries:* Brandenburg on Bkr., Sec. 436; 3 R. C. L., 333; 193 U. S., 473; 228 U. S., 27; 57 L. Ed., 718; 242 U. S., 137; 61 L. Ed., 205; 251 U. S., 239; 63 L. Ed., 247; 169 Fed., 553; 177 Fed., 885. *Election of remedies:* 109 S. E., 867; 115 S. E., 293; Id., 283; Id., 814. *Conclusiveness of adjudication:* 23 Cyc., 1215; 63 S. C., 537; Id., 406; 52 S. C., 166; 50 S. C., 68. *Wilful and malicious injury:* 3 L. R. A. (N. S.), 703; 117 S. E., 196; Cooley on Torts (2d.), 186; 228 U. S., 27; 57 L. Ed., 718; 242 U. S., 137; 61 L. Ed., 205; 76 S. W., 179; 58 L. R. A., 768; 51 Atl., 213; 196 U. S., 68; 49 L. Ed., 390; 251 U. S., 239; 64 L. Ed., 247; 169 Fed., 553; 110 U. S., 340; 47 L. Ed., 1084; 193 U. S., 473; 48 L. Ed., 754; 6 Am. Bkr. Rep., 374; 87 A. S. R., 124; 94 A. S. R., 577; 3 L. R. A. (N. S.), 762. *Where creditor participates in insolvency proceeding he is bound by judgment therein:* 7 Fed. (2d), 682; 2 R. C. L., 722. *Scope of Bankruptcy Act:* Remington on Bkr., Vol. 1, 396, Sec. 21; 9 Am. Bkr. Rep., 581; 120 Fed., 180; 11 Am. Bkr. Rep., 276; 8 C. J., 17; 154 Fed., 769; 120 Fed., 180. *Provisions of Code of Proc. with respect to arrest of debtors, either before or after judgment, must be construed in connection with provisions of the Code of Laws with reference to the discharge of such debtors:* 104 S. C., 120; 29 S. C., 476. *Respondent estopped from assailing judgment which discharged appellant:* Cooley on Const. Limitations (5th Ed.), 357-359; 3 Peters, 411; 1 Wall, 223; 4 Wall., 409; 14 R. C. L., 138; 50 S. E., 650; 148 U. S., 114; 32 L. Ed., 642. *Where no bankruptcy proceedings have been begun, jurisdiction of State Courts in insolvency matters unimpaired:* 7 C. J., 23; 169 Fed., 729; 108 U. S., 379; 27 L. Ed., 760; 91 U. S., 496; 23 L. Ed., 377; 98 U. S., 513; 25 L. Ed., 173; 176 Fed., 506; 33 S. C., 470; 100 Atl., 167.

*Messrs. Spencer & White* and *C. W. Tillett,* for respondent, cite: *Conclusive of question at issue:* 108 U. S., 379;

27 L. Ed., 760; 4 Wheat., 122; 245 U. S., 605; 39 N. Y., 344; Order No. 30, U. S. S. Ct.; 267 U. S., 467; 69 L. Ed., 739. *Debts which may be proved:* Sec. 63a, Bkr. Act; 123 S. C., 507. *Proceedings under state insolvency laws commenced after Bankruptcy Law went into effect, affected by it and are void:* 79 S. C., 316; 53 S. C., 118; 35 S. C., 94. *Judgment creditor entitled to exhaust all lawful means for collection of debt; pursuing one remedy does not waive right to pursue other remedies:* 4 Wheat., 122. *South Carolina insolvency statute suspended by National Bankruptcy Act:* 108 U. S., 329; 154 Fed., 769; 186 U. S., 181. *Judgment at Bar not willful and malicious injury:* 92 Atl., 646; 193 U. S., 473; 48 L. Ed., 754; 129 S. C., 427; 238 U. S., 221; 106 Atl., 519. *May arrest in civil action:* Sec. 422, Vol. 1, Code, 1922.

February 16, 1927.

The opinion of the Court was delivered by Mr. Justice Cothran.

The Court is entirely satisfied with the correctness of the Circuit Decree in this case, and it is accordingly affirmed.

Mr. Chief Justice Watts, and Messrs. Justices Blease and Stabler and Mr. Acting Associate Justice Ramage concur.