Irving Breitowich, Also Known as Irwin Breit, for use of Margaret Tharp, Appellant, v. Standard Process Corporation, Appellee.

### Gen. No. 42,718.

Opinion filed May 29, 1944. Rehearing denied June 12, 1944.

IRVING BREAKSTONE, of Chicago, for certain appellant.

EDWARD S. KING, of Chicago, for certain appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal plaintiff seeks to reverse an order of the superior court of Cook county discharging defendant, garnishee.

The record discloses that Margaret Tharp brought an action against Irving Breitowich and his father to recover damages for personal injuries claimed to have been sustained by her as a result of the negligence of Irving Breitowich in driving an automobile which struck and injured her. The father was dismissed out of the case. Defendant Irving Breitowich filed his answer and several months thereafter the case was called for trial and the judgment of the court recites that personal service was had on Irving; that he was called three times in court but made default and his default was entered of record "for want of any pleadings" and a jury impaneled to assess the damages. The judgment order further shows the jury were impaneled and sworn to assess plaintiff's damages, and after hearing the evidence adduced by plaintiff, returned their verdict: "We the jury find the defendant Irving Breitowich guilty and assess the plaintiff's damages at the sum of $10,000.00." The judgment was entered on the verdict and an execution awarded. Afterward an execution was issued, served on Irving and returned no property found and no part satisfied.

Afterward an affidavit for garnishment and interrogatories were filed and the Standard Process Corporation was served as garnishee. It answered that it was in debt to Irving for $89.65. Irving filed his interplea setting up that after the judgment was entered against him he filed a petition in the United States District Court in Chicago to be adjudged a bankrupt and scheduled the judgment as the only indebtedness and that afterward he was discharged. An answer was filed to

the interplea and on March 23, 1943, the order appealed from was entered. It recites that the matter came on to be heard on the motion of Irving Breitowich to dismiss the garnishment proceedings; that the motion was supported by sworn interplea and all parties notified and after argument of counsel for all the parties, the court found that Irving had filed the petition in the United States District Court, scheduled the judgment as above stated and that he was discharged. And it was ordered and adjudged that the discharge in bankruptcy "relieved him of any further liability on the judgment . . . said judgment did not come within any of the exceptions employed in Section 17 of the Federal Bankruptcy Act." It was further ordered that the garnishee be discharged and the proceedings dismissed.

Counsel for both parties agree that the only question for decision is whether the judgment rendered in the personal injury case against Irving was "for wilful, wanton, and malicious injury to the person" within the meaning of Section 17 of the National Bankruptcy Act, and counsel further agree that this must be determined by whether the complaint in the personal injury case "set up a wilful and wanton count."

Counsel for plaintiff says "The complaint . . . states a cause of action upon wilful and wanton conduct" while on the other side counsel for Irving Breitowich contends that "The ex parte judgment, upon which the supplemental garnishment proceeding is based is not one for a wilful and malicious injury to the plaintiff." There was no special interrogatory submitted to the jury and the verdict was general, as above quoted.

The substance of the allegations of the complaint, so far as it is necessary to state here is that on October 25, 1938, plaintiff, who was at the southwest corner of La-Salle street, a north and south street, and Chicago avenue, an east and west street, in Chicago, was walking north across Chicago avenue with the green light in her favor; that defendant was driving an automobile east

in Chicago avenue, with the red against him, and negligently and carelessly drove the automobile through the red light and struck and injured plaintiff. That it was the duty of defendant to operate the automobile "so as not to wantonly or maliciously or wilfully injure plaintiff, a pedestrian" yet the defendant, not regarding his duty "in that behalf, wantonly, wilfully, and without regard for the safety of the plaintiff" ran the automobile "without heeding the certain traffic signal then and there set against" him "and as a result thereof struck the plaintiff with great force and violence" etc.

We think the allegations were sufficient to charge defendant with wanton misconduct. *Reell v. Central Ill. Electric & Gas Co.*, 317 Ill. App. 106; *In re Greene*, 87 F. (2d) 951. In the *Reell* case judgment was entered in a personal injury case where defendant was charged with wilful and wanton misconduct in driving an automobile which struck and injured plaintiff. There was a general verdict in plaintiff's favor for $2,500. Afterward garnishment proceedings were brought and the defense interposed was that the judgment debtor was discharged in a bankruptcy proceeding, but the court in speaking by Mr. Justice Dove, held that the judgment in a personal injury suit was predicated upon wanton, wilful and malicious conduct of the defendant and therefore under the terms of Section 17 of the Bankruptcy Act Reell was not released from liability. The court in its opinion cites with approval *In re Greene*, 87 F. (2d) 951 and a number of other authorities.

As we pointed out in *Schoenbacher v. Kadetsky*, 290 Ill. App. 28, there is a distinction between the terms "wilful" and "wanton" as used in such cases. We there said: "The term 'wilful' . . . implies intent or purpose, while the term 'wanton' expresses a reckless disregard of consequences. *Trucking Co. v. Fairchild*, 128 Ohio St. 519."

We hold the allegations of the complaint were sufficient to charge defendant with such wanton misconduct

as implies a reckless disregard of consequences, that malice, within the meaning of our law, is the gist of the charge and that under the terms of Section 17 of the Bankruptcy Act, Breitowich was not released by the judgment entered in that proceeding.

The order of the superior court of Cook county discharging the garnishee is reversed and the matter remanded.

*Reversed and remanded.*

NIEMEYER and MATCHETT, JJ., concur.