16128

DOTY v. ROGERS *ET AL.*

(49 S. E. (2d) 594)

*Messrs. Berry & Berry,* and *Hydrick & Hydrick,* of
Orangeburg, for Appellant,

Mr. *James Hugh McFaddin,* of Manning, for Respondent,

September 22, 1948.

TAYLOR, Justice.

One interrelated phase of this case has heretofore been before this Court. See *Doty v. Reed, Sheriff (Same v. Rogers)*, S. C., 47 S. E. (2d) 451.

The issues raised by the present appeal, as did those in the case referred to above, stem from a verdict of the Jury, which awarded the respondent against the appellant in the aggregate sum of $1,500.00 in the form of $1,000.00 actual damages and $500.00 punitive damages. Said judgment was duly entered and defendant appealed therefrom. Such appeal, not having been perfected, was dismissed.

The cause of action of the respondent against the appellant, in which she recovered the judgment, grew out of an

automobile collision between the automobile in which respondent was riding and one being operated by the appellant. The complaint of the respondent alleged that her personal injuries were caused by the "willful, unlawful, and malicious acts and conduct of the defendant (appellant) in running into the plaintiff's (respondent's) car as aforesaid, while he was intoxicated, while driving on the wrong side of the road, while violating the law as to speed and that part of the road he should travel on while meeting vehicles, and while making no effort to avoid a collision with the automobile in which plaintiff (respondent) was riding".

There is an unpaid balance on the aforementioned judgment of the respondent against the appellant of $1,317.00 exclusive of interest, the judgment having been entered July 5, 1941. Execution against property of the appellant was duly issued and a nulla bona return made thereon June 5, 1946. Pursuant to Section 500, Subsection (6), of the Code of Laws of 1942, an order of arrest and body execution was issued against the appellant on June 27, 1946, and is now in the hands of George L. Reed, Sheriff of Orangeburg County, who has refused to execute same pending a final adjudication of whether the bankruptcy proceedings hereinafter referred to released the appellant from all liability to pay the balance of the aforementioned judgment.

Immediately following the issuance of the order of arrest and body execution against the appellant, he filed his petition in bankruptcy in the U. S. District Court for the Eastern District of South Carolina, and on July 1, 1946, was adjudged a bankrupt. In doing so he listed as one of his unsecured creditors the respondent and described her judgment in the sum of $1,500.00. Upon learning of this, the respondent filed a petition with the Referee in Bankruptcy asking that her claim be exempt from discharge. The Referee did not undertake to pass upon this petition, but on the contrary, advised counsel for the respondent that in his opinion the issue of whether or not the general discharge in bankruptcy

would release the appellant from this indebtedness was a matter for the State Courts. As a result thereof, respondent pursued the matter no further in the Bankruptcy Court, and the general order of discharge, which was issued out of said Court, discharged the appellant "from all debts and claims which are made provable by the Bankruptcy Act against his estate, except such debts as are by said Act excepted from the operation of a discharge in bankruptcy".

The respondent applied to the Honorable John S. Bowman, Judge of the County Court of Orangeburg County, the Court in which the judgment was obtained, for an order requiring the Sheriff of said county to serve the body execution, and her petition and reply to the return of appellant show the facts above related. The appellant, in his return, alleges that at the time he filed his petition in bankruptcy, respondent's judgment was a fixed liability of his estate, was a provable claim, and duly scheduled, that the discharge of the Bankruptcy Court absolved him of all liability arising out of said judgment, that the question as to whether this judgment was dischargeable in bankruptcy was heard and determined in the Bankruptcy Court adversely to the respondent, and that all questions relating thereto are *res judicata,* and the County Court of Orangeburg County is therefore without jurisdiction to determine the matter. After a full hearing, Judge Bowman held that the legal issue as to whether the judgment of the judgment creditor was dischargeable by the bankruptcy proceedings was not passed upon by the Bankruptcy Court, said Court having declined to take jurisdiction thereof, that the State Court had jurisdiction of the questions involved. He further held that the verdict of the Jury in favor of the respondent, having been rendered on a basis of willful, unlawful, and malicious injury to the person, the judgment entered on this verdict was not included in appellant's general order of discharge in bankruptcy, and ordered the Sheriff of Orangeburg County to

execute the body execution in his hands against the appellant: hence, this appeal.

It appears affirmatively from the record before us, and that which was before the County Judge, that the Bankruptcy Court not only declined to pass upon to what extent, if any, a discharge in bankruptcy would affect the judgment of the respondent, but also that when counsel for the appellant sought to procure such discharge, it was their position that it would apply to debts generally and not to this judgment, that it was a matter for the State Court to determine whether or not respondent's judgment was excepted by Section 17 of the National Bankruptcy Act or would be discharged by the Bankruptcy Court under a general order of discharge. Under the aforesaid circumstances it was entirely proper for the presiding Judge to take jurisdiction and determine any question arising thereabout. Section 17 of the Bankruptcy Act, U. S. C. A. Title 11, Chapter 3, Section 35, reads in part: "A discharge in bankruptcy shall release a bankrupt from all his provable debts, * * * except * * * for willful and malicious injuries to the person or property of another * * *". It is of course obvious that this statutory provision relates to torts.

There are many cases bearing directly upon the issue under discussion with a divergence of interpretation of the statute in reference to the exceptions set out in the preceding paragraph, many of them irreconcilable, and some interpreting the phrase "willful and malicious" so as to, in practical effect, judicially nullify or repeal that portion of Section 17 of the Act reading: "for willful and malicious injuries to the person or property of another". After reading these decisions we are of the opinion that the soundest interpretation of the phrase, "willful and malicious injuries to the person", as used in the Act is that it does not necessarily connote ill will or special malice, but that a wrongful act done in utter disregard of the legal rights of others and without just or lawful support, evidencing a reckless disre-

gard and indifference to the safety of human life and resulting in injury to the person or property of another does constitute "willful and malicious" injury within the intendment of the Act.

The form of the complaint is not wholly determinative of whether the case falls within this Section, making the bankruptcy discharge ineffective against such debts as are liabilities for willful and malicious injuries. *Freedman v. Cooper,* 1941, 126 N. J. L. 177, 17 A. 2d 609. However, in the case under discussion, in addition to the allegations of the complaint and the verdict of the Jury for actual and punitive damages, there is other evidence of what in law tends to establish willfulness and maliciousness.

In December, 1947, Judge Bowman signed an order settling the case for appeal to this Court, which order directed that the testimony taken at the trial of the case be incorporated in the record for appeal. When it was discovered that the stenographic notes of the testimony had been lost, the appellant made a motion that a statement attached to the moving papers, the contents of which we have no knowledge, be inserted in the record in lieu of such testimony. Judge Bowman, who presided at the trial, having no distinct and independent recollection of such testimony, ordered printed as a part of the record, statements prepared by counsel for respondent and appellant respectively, after modifying slightly the proposed statement of the respondent. It may have been the better practice of the Trial Judge to have made a statement of the testimony after having his recollection thereof refreshed by counsel representing the litigants; however, accepting the statement prepared by appellant's counsel as true, there was ample testimony to warrant the Jury in reaching a conclusion that on the occasion when the respondent suffered her personal injuries, there was such a reckless indifference to the safety of human life, on the part of the appellant, as in law to amount to willfulness and maliciousness. Apparently the County Judge so viewed

it, as does this Court. Appellant's statement of the testimony in behalf of the respondent adduced at the trial is to the effect that respondent and appellant were traveling a paved highway in opposite directions in unsettled and rainy weather, that the respective automobiles in which they were riding met in a head-on collision at or near the crest of a hill, that the automobile operated and driven by the appellant, while intoxicated, was on the wrong side of the highway traveling at a high rate of speed. In the case of *Bell Manufacturing Company v. Cross,* 123 S. C. 507, 117 S. E. 196, this Court said by way of dictum that a judgment in a personal injury action for both actual and punitive damages is a judgment for willful and malicious injury to the person within the meaning of the Bankruptcy Law and therefore not dischargeable. The holdings in the case of *Rayborn v. Reid,* 139 S. C. 529, 138 S. E. 294, are in no wise *contra* to those of the *Bell-Cross case* by reason of the difference in the facts involved. There is in every case a mixed question of law and fact as to whether a judgment debtor is released from a judgment rendered against him in a tort action by the attainment of a general order of discharge in bankruptcy.

We are of the opinion that Judge Bowman correctly held that the judgment of the respondent against the appellant was not discharged by the general order of discharge granted by the Bankruptcy Court, and that it was proper for him to order the Sheriff of Orangeburg County to execute the body execution in his hands against the appellant.

All exceptions are therefore overruled and the order appealed from is affirmed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.