McCLURE v. STEELE.

1. JUDGMENT—STAY OF PROCEEDINGS—BANKRUPTCY—RECORD OF ORIG-INAL ACTION—EVIDENCE.

On motion for a stay of proceedings because of an alleged discharge of the judgment in bankruptcy, a court has power to go behind the judgment and examine the entire record in the original action but the inquiry may not extend beyond such record, and the defendant may not introduce testimony to show that the basis of the judgment was other than such record shows.

2. SAME—STAY OF PROCEEDINGS—BANKRUPTCY—STIPULATIONS.

On motion for a stay of proceedings because of an alleged discharge of the judgment in bankruptcy a defendant is bound

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 7] 21 Am Jur, Executions, § 600 et seq.
[2–6] 31 Am Jur, Judgments, § 458 et seq.
[4, 8, 10–13] 6 Am Jur, Bankruptcy, §§ 505, 506.
[4, 8, 10–13] What constitutes wilful and malicious injury growing out of automobile accident within provision of bankruptcy act relating to discharge. 57 ALR 153.
[4, 8, 10–13] Applicability to judgment of provisions of bankruptcy act exempting liability for wilful and malicious injuries to the person from effect of discharge, as affected by description or characterization of cause of action by pleadings, verdict, or judgment in the action in which judgment was recovered. 109 ALR 1192.
[7] 6 Am Jur, Bankruptcy, § 527.
[9] 6 Am Jur, Bankruptcy, § 487.

by stipulation into which he had entered in open court and on which the judgment rested, in the absence of fraud or misrepresentation.

3. Bankruptcy—Stipulations—Record—Judgment.
   Bankrupt judgment defendant may not impeach stipulation entered into in open court or judgment based thereon and may not go beyond the record made.

4. Same—Stipulations—Construction of Pleadings—Wilfulness and Wantonness.
   Where stipulation, entered into in open court, provided that judgment might enter against defendants "in trespass for wanton and wilful negligence" in the sum of $1,000 and declaration had charged defendants with "wilful, wanton, gross and malicious" negligence, a bankrupt judgment defendant may not urge the claim that the declaration, properly construed, did not allege facts sufficient to charge wilfulness and wantonness on the part of the defendants, since the declaration was subject to amendment and it must be assumed that the stipulation was based on the actual facts in the case, the omission to amend the declaration to accord with the stipulation not resulting to defendant's prejudice (Bankruptcy Act, § 17[2]).

5. Judgment—Stipulations—Waiver of Defects in Pleadings.
   By consenting to entry of judgment pursuant to form specified in stipulation entered into in open court a defendant waives the right to thereafter question the lack of particularity in plaintiff's pleading.

6. Same—Bankruptcy—Waiver—Record.
   Whether or not parties to suit for damages arising out of operation of defendant's automobile intended that defendant should waive any right he might have to prevent enforcement of the judgment by proceedings in bankruptcy by their agreement in open court for the entry of judgment must rest wholly on speculation and conjecture where record fails to indicate that he agreed to waive the right to invoke the protection of the bankruptcy act.

7. Bankruptcy—Judgment—Exception from Discharge—Burden of Proof.
   In order to prevent a stay of proceedings after entry of judgment by reason of judgment debtor's discharge in bankruptcy, the judgment plaintiff has the burden of proof to establish that his judgment is within the exceptions not discharged by the act (Bankruptcy Act, § 17[2]).

8. SAME—MALICE—JUDGMENT—EXCEPTION FROM DISCHARGE—WILFULNESS.

In order that a judgment for a wilful and malicious injury be excepted from discharge under the bankruptcy act, it is not necessary that the cause of action be based upon special malice so that without it the action could not be maintained, it being sufficient that there be a wilful doing of an act by the defendant who knows it is liable to injure another (Bankruptcy Act, § 17[2]).

9. SAME—DISCHARGE—JUDGMENT—NEGLIGENCE.

A discharge in bankruptcy is a bar to the enforcement of a judgment based on ordinary negligence (Bankruptcy Act, § 17).

10. NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.

Conduct that is wilful and wanton is different in character from that which is merely negligent, it being that degree of neglect arising where there is a reckless indifference to the safety of human life, or an intentional failure to perform a manifest duty to the public, in the performance of which the public and party injured has an interest.

11. SAME—WILFUL AND WANTON MISCONDUCT—ELEMENTS.

To constitute wilful and wanton misconduct there must be (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

12. BANKRUPTCY—DISCHARGE—JUDGMENT—WILFUL AND WANTON MISCONDUCT.

Where, by stipulation, a defendant admits on the record in the cause that the accident by which injuries were inflicted upon plaintiff was the result of conduct that was wilful and wanton, the judgment entered on the stipulation was not discharged by the defendant's subsequent discharge in bankruptcy (Bankruptcy Act, § 17[2]).

13. SAME—EXCEPTION FROM DISCHARGE—JUDGMENT—WILFUL AND WANTON MISCONDUCT.

A judgment based upon a record showing that defendant was guilty of wilful and wanton misconduct is excepted from discharge by the provision of the bankruptcy act excepting liability for wilful and malicious injuries to the person or property of another (Bankruptcy Act, § 17[2]).

Appeal from Wayne; Brennan (John V.), J. Submitted October 6, 1949. (Docket No. 35, Calendar No. 43,673.)   Decided December 7, 1949.

Case in common pleas court for the City of Detroit by John W. McClure against James W. Steele for wilful and wanton misconduct.   Judgment for plaintiff.   Motion by defendant to stay proceedings because of his bankruptcy.   Motion denied.   Defendant appeals to circuit court in nature of certiorari.   Judgment for plaintiff.   Defendant appeals in nature of certiorari.   Affirmed.

*Daniel W. Ross* and *Walter M. Nelson,* for plaintiff.

*Tatken & Okrent,* for defendant.

CARR, J.   On the 19th of January, 1942, plaintiff brought suit against defendant Steele and another in the common pleas court for the city of Detroit.   The declaration filed in the cause alleged that on June 23, 1941, defendant Steele was the owner of an automobile, that the vehicle was being driven by the other defendant with the express and implied consent and direction of the owner, and that it was driven over the curb and sidewalk in such manner as to strike plaintiff's wife, resulting in serious physical injuries to her.   It was further set forth in the declaration that defendant Steele on the occasion in question was riding in his automobile beside the driver, and that the negligence of defendants was "wilful, wanton, gross and malicious."   Defendants filed an answer controverting the material averments of the declaration.

On the date set for trial the parties entered into a written stipulation in open court that judgment might enter in favor of plaintiff and against defend-

ants, "in trespass for wanton and wilful negligence,"
in the sum of $1,000, with further provision that $300
should be paid by defendant within 4 months from
May 1st thereafter in default of which the judgment
should remain in full force and effect. No proofs
were offered in court, and judgment was entered
pursuant to the stipulation.

On or about February 27, 1946, defendant Steele,
hereinafter referred to as the defendant, filed his
petition in bankruptcy in the district court of the
United States for the eastern district of Michigan,
southern division, and an order was entered adjudg-
ing him a bankrupt. Based thereon a motion for stay
of proceedings was filed in defendant's behalf in the
court of common pleas, which motion was, following
a hearing, denied. Thereupon defendant filed his
petition in the circuit court for the county of Wayne
asking that a writ of certiorari issue to review the
action of the common pleas court. The writ sought
was duly issued. The material facts in the case are
set forth in said petition and in the return to the
writ. The circuit judge before whom the matter was
heard on the pleadings came to the conclusion that
the judgment was not dischargeable in bankruptcy,
and entered judgment affirming the order of the
common pleas court denying the motion for a stay
of proceedings. Defendant has appealed.

It is plaintiff's claim that under the provisions of
section 17 of the bankruptcy act, as amended in 1938,
(52 Stat 851, 11 USCA 1948 Cum Supp § 35) the dis-
charge in bankruptcy is not a bar to the enforcement
of the judgment in question. Said section reads in
part as follows:

"A discharge in bankruptcy shall release a bank-
rupt from all of his provable debts, * * * except
such as * * * (2) are liabilities for obtaining
money or property by false pretenses or false repre-
sentations, or for wilful and malicious injuries to

the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for breach of promise of marriage accompanied by seduction, or for criminal conversation."

Defendant contends, that injuries inflicted as the result of wilful and wanton negligence may not be regarded as "wilful and malicious injuries to the person or property of another" within the meaning of the expression as used in the bankruptcy act. It is also argued that the alleged wrongful acts on which plaintiff based his suit were not actually wilful and wanton in nature, and that the defendants in the case were chargeable with mere ordinary negligence.

Apparently it is the theory of the defendant that the judge of the court of common pleas, in determining the motion for a stay of proceedings, should have taken proofs for the purpose of ascertaining the exact facts. The power of a court in a proceeding of this nature to go behind the judgment and examine the entire record in the original action has been repeatedly recognized. *Nunn* v. *Drieborg,* 235 Mich 383; *Bonnici* v. *Kindsvater,* 275 Mich 304; *Horner* v. *Nerlinger,* 304 Mich 225. It is equally well settled that the inquiry may not extend beyond the record. *Rice* v. *Guider,* 275 Mich 14; *Citizens Mutual Automobile Insurance Co.* v. *Gardner,* 315 Mich 689. In the instant case the judgment was based wholly on the stipulation. As noted, no proofs were taken at the time.

On the subsequent motion for a stay of proceedings defendant was not entitled to introduce testimony as to how the accident occurred for the purpose of showing, or attempting to show, that plaintiff's cause of action did not rest on the basis of wilful and wanton misconduct. He was bound by the stipulation into which he had entered in open court and on

which the judgment rested. No claim of fraud or misrepresentation is made in the case. Under the circumstances presented on this record defendant was not entitled to impeach either the stipulation or the judgment. He was, and is, bound by the record made, and under the decisions above cited could not go beyond that record. For like reasons he may not urge the claim that the declaration, properly construed, did not allege facts sufficient to charge wilfulness and wantonness on the part of the defendants. It may be conceded that certain averments therein were in the nature of conclusions. *Bonnici* v. *Kindsvater, supra.* However, the declaration was subject to amendment, and we must assume that the stipulation was based on the actual facts in the case. Defendant was represented by counsel and presumably was advised as to his rights and liabilities. The omission to amend the declaration to accord with the stipulation did not result to his prejudice. By consenting to the entry of judgment in the form specified he waived the right to thereafter question the lack of particularity in plaintiff's pleading.

Counsel for defendant suggest in their brief that the parties, in making their agreement in open court for the entry of judgment, intended at the time that defendant should waive any right that he might have to prevent enforcement of the judgment by proceedings in bankruptcy. Any such claim must necessarily rest wholly on the basis of speculation and conjecture. There is nothing in the record on which to base a conclusion other than that the defendant and his counsel deemed it expedient, in the light of the facts in the case, to agree to the entry of a judgment in manner and form as set forth in the stipulation. There is nothing before us to indicate that defendant agreed to waive the right to invoke the protection of the bankruptcy act, or that the matter was even discussed by the parties at the time the stipula-

tion was made. Decisions holding such an attempted express waiver by contract in contravention of the provisions of the bankruptcy act are not in point.

The principal question at issue in the case is whether a judgment based on wilful and wanton negligence is dischargeable under the provision of the bankruptcy act, above quoted, on the theory that such a judgment is not, in fact, based on "wilful and malicious injuries to the person or property of another." In considering the matter we have in mind that the burden of proof rests on the plaintiff to establish that his judgment is within the exception as set forth in the act. *Tudryck* v. *Mutch,* 320 Mich 86. However, the facts are not in dispute. The determination of the matter rests on the construction of the quoted language of the bankruptcy act.

In considering the character of injury that may be regarded as wilful and malicious for the purposes of the exception in the act, the United States supreme court in *Tinker* v. *Colwell,* 193 US 473 (24 S Ct 505, 48 L ed 754), said:

"In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained.   *   *   *

"In *United States* v. *Reed,* 86 F 308, it was held that malice consisted in the wilful doing of an act which the person doing it knows is liable to injure another, regardless of the consequences; and a malignant spirit or a specific intention to hurt a particular person is not an essential element. Upon that principle, we think a wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfuly and maliciously, so as to come within the exception. .

"It is urged that the malice referred to in the exception is malice towards the individual personally, such as is meant, for instance, in a statute for maliciously injuring or destroying property, or for malicious mischief, where mere intentional injury without special malice towards the individual has been held by some courts not to be sufficient. *Commonwealth* v. *Williams,* 110 Mass 401.

"We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor and not a malicious wrongdoer that was to be discharged."

See, also, *McIntyre* v. *Kavanaugh,* 242 US 138 (37 S Ct 38, 61 L ed 138).

A judgment based on ordinary negligence has been repeatedly held not within the scope of the exempting provision of section 17 (2) of the bankruptcy act. A discharge in bankruptcy is a bar to the enforcement of such a judgment. *Nunn* v. *Drieborg, supra; Bonnici* v. *Kindsvater, supra; Marbry* v. *Cain,* 180 Tenn 500 (176 SW2d 813). In the Tennessee case certiorari was denied by the United States supreme court, 321 US 800 (64 S Ct 938, 88 L ed 1087). Conduct that is wilful and wanton is different in character from that which is merely negligent. In the case of *In re Dutkiewicz,* 27 F2d 334, it was said:

"Wilful negligence has come to have a settled signification in the law, and has been defined as that degree of neglect arising where there is a reckless indifference to the safety of human life, or an intentional failure to perform a manifest duty to the public, in the performance of which the public and the party injured has an interest. * * * The word 'wanton' is defined in Webster's New International Dictionary as reckless, heedless, malicious."

This Court in considering the elements essential to constitute wilful and wanton misconduct has followed the language found in 20 RCL, p 145, where it is said:

"To establish wilfulness it is said that the following named elements must be disclosed: (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

*Willett* v. *Smith,* 260 Mich 101; *McLone* v. *Bean,* 263 Mich 113; *Riley* v. *Walters,* 277 Mich 620; *Titus* v. *Lonergan,* 322 Mich 112.

The circuit court of appeals of the 7th circuit in *Re Greene* (CCA), 87 F2d 951 (109 ALR 1188), had before it a situation analogous to that in the case at bar. Suit was brought against Greene in an Illinois court to recover damages arising out of an automobile accident. One count of the declaration charged that the acts of the defendant were done "wilfully and wantonly." In answer to a special question the jury found the defendant guilty of "wilful and wanton conduct." Verdict in favor of the plaintiff was returned and judgment entered accordingly. Defendant instituted bankruptcy proceedings and sought to have the plaintiff, and other creditors, restrained from taking further proceedings against him. The district court entered a restraining order which was subsequently vacated on motion on the ground that the collection of the judgment could not be barred by a discharge in bankruptcy. In reaching the conclusion that the order of the district court should be sustained, it was said:

"It will be noted that both the allegation in the third count of the declaration and the language contained in the interrogatory used the words 'wilful and wanton' instead of 'wilful and malicious' as used in the bankruptcy act, *supra*. The acts of which appellee complains need not be charged in the language of the statute. *Peters* v. *United States, ex rel. Kelley,* 101 CCA 99 (177 F 885). The term 'wilful and malicious' as used in the bankruptcy act in question need not involve actual malice, as we usually think of that term. In fact, actual malice is seldom present in such cases. If an act, wrongful within itself, is done intentionally and in wilful disregard of what one knows to be his duty and which does, through necessity, cause an injury to another, it may be said, under the act, to be done wilfully and maliciously. Wilful and malicious injury, in the bankruptcy act, does not necessarily involve hatred or ill will as a state of mind, but arises from a wrongful act, done intentionally, without just cause or excuse. 4 Words and Phrases, Second Series, p. 1312. In discussing this question the supreme court, in the case of *Tinker* v. *Colwell,* 193 US 473 (24 S Ct 505, 508, 48 L ed 754) said: 'In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained.'

"The judgment in question was rendered in an action in which the jury said that appellant was guilty of committing wilful and wanton acts. Such acts, therefore, were done under such circumstances that an ordinary person would say they were in reckless disregard of the rights of others, including appellee. See *Tolleson* v. *Southern Railway,* 88 SC 7 (70 SE 311). ' "Wantonly" means without reasonable excuse and implies turpitude, and an act to be done wantonly must be done intentionally and with design, without excuse and under circumstances evincing a lawless, destructive spirit. It is a reck-

less disregard for the lawful rights of others, such a degree of rashness as denotes a total want of care, or a willingness to destroy, although destruction itself may have been unintentional.'   See, *Palmer* v. *Smith,* 147 Wis 70 (132 NW 614); *In re Dutkiewicz,* 27 F2d 334; *In re Cunningham,* 253 F 663; 4 Words and Phrases, Second Series, p 1236. The word 'wanton' as defined by Webster's International Dictionary means 'reckless,' 'heedless,' 'malicious.'   As defined by the Century Dictionary we find it to mean 'characterized by extreme recklessness,' 'foolhardiness,' 'malicious,' 'recklessly disregardful of the right or of consequences.'

"Applying to the term 'wilful and wanton' the meaning given by our courts and the meaning of the words themselves constituting such term, it seems that an act done 'wilfully and wantonly' is included in the bankruptcy statute, *supra,* and any judgment obtained because of such act is not dischargeable by bankruptcy.   Such an act must be said to have been done 'wilfully and maliciously' as contemplated by the statute.   The judgment in question, therefore, is not dischargeable by bankruptcy."

The decision of the Federal court in the *Greene Case* was followed by the supreme court of Wisconsin in *Saueressig* v. *Jung,* 246 Wis 82 (16 NW2d 417).   There, as in the case at bar, the judgment was entered pursuant to a stipulation, and the plaintiff instituted garnishment proceedings to enforce it.   Motion to dismiss such proceedings was denied by the circuit court, and defendant appealed.   Under the stipulation the judgment was based on the language of the complaint which charged that the defendant operated his automobile on a public highway "in a drunken condition and in a reckless, wilful and wanton disregard of the rights and safety of others."   This was construed by the court as charging gross negligence which under the prior decision in *State, ex rel. Zent,* v. *Yanny,* 244 Wis 342

(12 NW2d 45) was held to be wilful and wanton conduct and "the virtual equivalent of intentional wrong." It was held that the judgment was not dischargeable in bankruptcy.

In *Breitowich, for use of Tharp,* v. *Standard Process Corporation,* 323 Ill App 261 (55 NE2d 392), Tharp had judgment by default against Breitowich in the trial court under a complaint charging that the judgment debtor operated his automobile "wantonly, wilfully, and without regard for the safety of the plaintiff," and without heeding a traffic signal, as a result of which plaintiff was injured. The damages were assessed by a jury which returned a general verdict. Garnishment proceedings against the Standard Process Corporation were thereafter instituted to enforce the judgment. The judgment debtor filed his plea in the matter, setting up that after the judgment had been obtained against him he had filed a petition in the United States district court in Chicago and had been adjudged a bankrupt. The superior court of Cook county, in which the matter was pending, granted a motion to dismiss the garnishment proceedings on the ground that the discharge in bankruptcy barred collection of the judgment, and that such judgment was not within any of the exceptions enumerated in section 17 of the Federal bankruptcy act. The appellate court concluded that the allegations of the complaint were sufficient to charge the defendant with such wanton misconduct "as implies a reckless disregard of consequences, that malice, within the meaning of our law, is the gist of the charge and that under the terms of section 17 of the bankruptcy act, Breitowich was not released" by the discharge in bankruptcy. In support of its conclusion that the order of the trial court should be reversed, the appellate court cited *In re Greene, supra,* and *Reell, for use of Haskin,* v. *Central Illinois Electric & Gas Co.,* 317

Ill App 106 (45 NE2d 500). It may be noted further that application for writ of certiorari in the *Breitowich Case* was made to the supreme court of the United States and denied, 323 US 801 (65 S Ct 561, 89 L ed 639).

The decisions in the foregoing cases are in accord with the great weight of authority on the subject. By the stipulation in the case at bar, defendant admitted on the record in the cause that the conduct of which the plaintiff complained was wilful and wanton. Under the cases cited this was tantamount to an admission that he was guilty of causing "wilful and malicious injuries to the person or property of another" within the meaning of the expression as used in section 17(2) of the bankruptcy act. The court of common pleas and the circuit court were right in holding that the discharge in bankruptcy was not a bar to the collection of the judgment rendered against defendant in the common pleas court.

The judgment of the circuit court from which defendant has appealed is affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.