**E. J. DEN HAERYNCK, Appellant,**

v.

**Clarence Stewart THOMPSON, Appellee.**

**No. 5150.**

United States Court of Appeals Tenth Circuit.

Nov. 14, 1955.

Walter T. Chaney and Lester M. Goodell, Topeka, were on the brief for appellant.

Hall Smith and William L. Rees, Topeka, were on the brief for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

The question for determination is whether a judgment for damages for personal injury which resulted in death was dischargeable in bankruptcy.

Clarence Stewart Thompson was driving an automobile on a street in Topeka, Kansas. The automobile struck two youths. One was killed and the other was injured. An information charging Thompson with first degree manslaughter was filed in the state court. The information was amended to charge manslaughter in the fourth degree. The accused entered a plea of guilty to the information as amended and was sentenced to imprisonment in the state penitentiary. Two actions for damages were instituted against Thompson in the state court. One was by the injured youth, and the other was by the father of the deceased youth. Judgments were entered in the two cases in the sums of $12,-500 and $6,000, respectively. Shortly after the rendition of the two judgments, Thompson instituted this proceeding in voluntary bankruptcy. The claims predicated upon the judgments were established in the proceeding. The bankrupt seasonably filed his petition for discharge. In the petition, the bankrupt sought a specific determination that the discharge should release him from liability on the judgments. The holders of the judgments resisted such a determination. The referee determined that the judgment held by the injured minor was dischargeable, and that the judgment held by the father of the deceased youth was not. The bankrupt sought review. On review, the district court entered its order granting a full discharge, including release of liability upon the two judgments. The father of the deceased minor alone brought the proceeding here on appeal.

Section 14, sub. c of the Bankruptcy Act, as amended, 52 Stat. 840, 850, 11 U.S.C.A. § 32, sub. c, provides that after hearing objections to the application for discharge, the applicant shall be discharged unless he has commit-

ted one or more of certain enumerated acts. And section 17, 52 Stat. 851, 11 U.S.C.A. § 35, provides in presently pertinent part "A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except * * * liabilities * * * for willful and malicious injuries to the person or property of another * * *." No question was presented to the referee or the district court in respect to the commission of any of the acts enumerated in section 14. The only question presented was whether the claims founded upon the judgments should be included within or excluded from the discharge, depending upon whether such judgments represented liabilities for willful and malicious injuries to the person or property of others. And the bankruptcy court was clothed with inherent equity jurisdiction to determine that question and mold its order of discharge accordingly. Harrison v. Donnelly, 8 Cir., 153 F.2d 588; In re Tamburo, D.C., 82 F.Supp. 995; 7 Remington on Bankruptcy, 1953 Supp. § 3440.

■ The boundaries of willful and malicious conduct causing injury to the person or property of another within the purview of section 17 of the Act do not lend themselves completely to a clear and definite pattern available for ready use in every case involving the question of non-dischargeability. But it is settled law that such conduct does not necessarily mean or involve a malignant spirit or a specific intention to injure a particular person or harm his property. A willful disregard of that which one knows to be his duty, or an act which is wrongful in and of itself, and which necessarily causes injury, if done intentionally, is done willfully and maliciously, within the scope of the exception to dischargeability created by the statute. And "In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained." Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 508, 48 L.Ed. 754; McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205.

■ It was alleged in plaintiff's petition in the action for damages brought by the father of the deceased minor child that the injuries and death of the child were caused solely and exclusively by the negligence of the defendant, in that the defendant was driving the automobile while under the influence of intoxicating liquor, that he failed to have the automobile under control, that he failed to keep a proper lookout for other users of the street, that he was driving at a high and excessive rate of speed in violation of law, and that he was driving in wanton disregard of the rights of other users of the street, including the child. And it was further alleged that at the time and place of the fatal accident, the defendant was under the influence of intoxicating liquor to the extent that his mental and physical faculties were impaired; and that he wrongfully, willfully, and wantonly undertook to drive such automobile in such condition in violation of the laws of Kansas and of certain specified ordinances of the City of Topeka. The case was tried to the court without a jury. On the trial, plaintiff offered evidence, including the information and judgment in the criminal case. The court expressly found that the minor child met his death through the fault and negligence of the defendant, as set out in plaintiff's petition; and that the acts, omissions, and negligence referred to in the petition were the same acts and omissions referred to in the information in the criminal case. We think it is clear that the judgment was predicated upon liability for willful and malicious injury to the person of the minor child, within the intent and meaning of section 17, supra. In re Greene, 7 Cir., 87 F.2d 951; Harrison v. Donnelly, supra; Saueressig v. Jung, 246 Wis. 82, 16 N.W.2d 417; McClure v. Steele, 326 Mich. 286, 40 N.W.2d 153, 13 A.L.R.2d 160; Doty v. Rogers, 213 S.C. 361, 49 S.E.2d 594; Rosen v. Shingleur, La.App., 47 So.2d 141; Tharp v. Breitowich, 323 Ill.App. 261, 55 N.E.2d 392, certiorari denied, 323

U.S. 801, 65 S.Ct. 561, 89 L.Ed. 639; Wegiel v. Hogan, 28 N.J.Super. 144, 100 A.2d 349.

In an effort to sustain the crucial provision in the order granting discharge from liability upon the judgment in favor of the father of the deceased minor, the bankrupt relies heavily upon Tinker v. Colwell, supra. But that case was decisively different. It involved the question whether a judgment for damages for criminal conversation represented a non-dischargeable liability for willful and malicious injury to the person or property of another. It did not involve the question of dischargeability of a judgment for damages for injury to the person of another arising out of the reckless operation of an automobile upon a public thoroughfare in wanton disregard of the rights of others.

The order of discharge entered by the district court, insofar as it discharged the bankrupt from liability upon the judgment in favor of the father of the deceased minor, is reversed and the cause is remanded for further proceedings not in conflict with the views herein expressed.